674 So.2d 337 (1996)
William Alexander OSTHEIMER, Sterling W. Ostheimer and Dr. Arthur C. Ostheimer
v.
VENVIROTEK OF LOUISIANA, INC.
No. 95 CA 2126.
Court of Appeal of Louisiana, First Circuit.
April 30, 1996.
*338 Robert B. Butler, Houma, for Appellees William Ostheimer, Sterling W. Ostheimer and Arthur C. Ostheimer.
Robert Atkinson, Claude F. Reynaud, Jr., Baton Rouge, for Appellants Venvirotek of Louisiana, Inc. and First Louisiana Business & Industrial Development Corporation.
Before CARTER and PITCHER, JJ., and CRAIN, J. Pro Tem.[1]
PITCHER, Judge.
Defendant, Venvirotek of Louisiana, Inc. (Venvirotek), and intervenor, First Louisiana Business & Industrial Development Corporation (First BIDCO), appeal from the grant of a motion for partial summary judgment in favor of William Ostheimer, Sterling W. Ostheimer and Arthur C. Ostheimer (plaintiffs). Additionally, First BIDCO appeals from the judgment of the trial court, sustaining plaintiffs' peremptory exception pleading the objection of no cause of action.

FACTS AND PROCEDURAL HISTORY
Plaintiffs are the present owners of a tract of land containing 427.4377 acres, located in Sec. 2, Township 18 South, Range 16 East, and in Sec. 60, 61, 62, and 63, Township 17 South, Range 16 East, in Terrebonne Parish.
Plaintiffs acquired the tract of land from the Northwestern Mutual Life Insurance Company (Northwestern) in August of 1993.[2] Northwestern acquired the property by virtue of a Sheriff's sale. On January 15, 1979, a mortgage on this tract of land in favor of Northwestern, was executed and recorded. Thereafter, the promissory note secured by the mortgage was not paid in accordance with its terms, and the holder of the note (Northwestern) foreclosed on the mortgage.
Venvirotek is the owner of a tract of land, containing eight acres, located in Sections 82, Township 17 South, Range 16 East, and Section 2, Township 18 South, Range 16 East, in Terrebonne Parish. Venvirotek acquired this property from Aglands Investment Company and Chemfix Technologies, Inc. on January 4, 1985.[3] The Act of Sale stated as follows:
VENDOR does hereby assign unto PURCHASER such rights as it enjoys in the use of the non exclusive servitude of passage over the existing shell road extending from U.S. Highway 90 to the property conveyed.
On or about April 25, 1987, an agreement was reached between Chemfix Technologies, *339 Inc. and Aglands, which states that Aglands acknowledges that it granted to Houma Fluid Services under date of April 25, 1987, a surface lease adjacent to the Intracoastal Waterway with a pipeline right-of-way extending back to the Houma Fluid Services' existing disposal facility. The lease was for a one-year term, and was an extension of an original lease, dated April 29, 1985. The agreement also cites that, under certain circumstances, the lease would be extended for an additional twenty-five years.
Venvirotek is also the owner of a five acre tract of land acquired from South Coast Investment Company on October 1, 1992.[4] The Act of Sale stated as follows:
Vendor does not, by this instrument grant unto purchaser any rights of way over the existing shell road lying adjacent to the western boundary of the tract sold from the point where the existing shell road adjoins the Northwest corner of Tract G down to the intersection with the North Bank of the Gulf Intercoastal Right of Way.
VENDOR does agree by separate instrument to grant a right of way, provided a mutually acceptable agreement regarding maintenance can be agreed upon by VENDOR and PURCHASER.
On or about October 5, 1992, South Coast Investment Company of Delaware entered into an agreement with Venvirotek, which provided as follows:
Venvirotek accepts the existing right of way from U.S. Highway 90 to its existing 8 acre site in its current condition, and further accepts the additional right of way from its existing 8 acre site to the proposed subject property to be purchased from South Coast in its present condition.
The agreement also provided that Venvirotek was responsible for the maintenance of said right-of ways.
It is undisputed that the two tracts of land owned by Venvirotek are surrounded by plaintiffs' tract of land.
On March 31, 1994, plaintiff filed a petition, seeking a judgment (1) declaring the property to be free and clear of any pipeline right-of-way, road right-of-way and/or other easement or servitude or right-of way or lease whatsoever in favor of Venvirotek; (2) declaring that any lease, pipeline right-of-way and/or road right-of-way and road maintenance agreement, is null and void of no effect and canceling and erasing all such from the records of Terrebonne Parish; and (3) ordering Venvirotek to remove the pipeline and to restore the property to its former condition. The petition also alleged that plaintiffs were entitled to be paid the fair market value of the use of the property, from the date plaintiffs purchased the property until the date judgment is rendered. Attached to the petition was the legal description of plaintiffs' property.
On May 6, 1994, First BIDCO filed a petition of intervention to resist the demands of plaintiffs which adversely affect the rights of First BIDCO. In this petition, First BIDCO alleged that it holds a first mortgage on Venvirotek's eight acre tract of land, said mortgage being recorded on August 21, 1992. First BIDCO also claims that it is negotiating an option which will entitle it to acquire Venvirotek's five acre tract of land. First BIDCO alleged that the property encumbered by its mortgage and the other Venvirotek property is completely enclosed by the plaintiffs' property. First BIDCO further alleged that, if plaintiffs get the relief sought, the property owned by Venvirotek will be rendered worthless. First BIDCO alleges that its rights in Venvirotek's property could be readily ascertained by an examination of the public records; yet they received no notice of the Sheriff's sale. Because it did not receive notice, First BIDCO alleges that the judicial sale is invalid, as is plaintiffs' claim. First BIDCO prays that plaintiffs' claims be dismissed.
On May 6, 1994, First BIDCO also filed an answer to plaintiffs' petition, denying the allegations contained therein.
Thereafter, plaintiffs filed several exceptions to First BIDCO's petition for intervention: an exception of improper intervention *340 and improper procedure, an exception pleading the objection of no right of action, and an exception pleading the objection of no cause of action. In support of these exceptions, plaintiffs alleged that First BIDCO's remedy was limited to damages under LSA-R.S. 13:3886.1[5].
Venvirotek filed an answer to plaintiff's petition on June 10, 1994.
On August 1, 1994, plaintiffs filed a motion for partial summary judgment, alleging that there was no genuine issue of material fact insofar as their entitlement to the declaratory relief sought, reserving the question of damages for a trial on the merits.
First BIDCO subsequently amended its petition for intervention and alleged that LSA-R.S. 13:3886.1 was unconstitutional under the due process clause of the United States Constitution and the Louisiana Constitution.
Thereafter, Venvirotek amended its answer and filed a reconventional demand, alleging that, if the conventional rights of way at issue were terminated, it was still entitled to a right of passage under LSA-C.C. arts. 689-696.
First BIDCO also filed a motion for partial summary judgment, alleging that, because it was constitutionally entitled to receive notice of the Sheriff's sale and had not received notice, its interest in the property could not be terminated as a matter of law.
Plaintiffs answered the reconventional demand, denying the allegations contained therein.
The Attorney General filed a response, in accordance with LSA-C.C.P. art. 1880, to the allegation of the unconstitutionality of LSA-R.S. 13:3886.1.
After a hearing, the trial court rendered judgment as follows:
1. Dismissed the plaintiffs' exception of no right of action as to First BIDCO.
2. Granted the plaintiffs' exception of no cause of action as to First BIDCO and dismissed First BIDCO's Answer and Intervention without prejudice.
3. Granted the plaintiffs' motion for summary judgment and dismissed with prejudice First BIDCO's Answer and Intervention.
4. Granted judgment in favor of plaintiffs and against Venvirotek, declaring as a matter of law the following servitudes and rights of way were legally terminated at the time of said Sheriff's Sale: (a) servitude of passage and pipeline right of way as granted in the Act of Sale from Aglands Investment Company, et al, to Houma Fluids Services, Inc., dated January 4, 1985; (b) those rights of way and servitudes created in that Agreement between Aglands Investment Company and Chemfix Technologies, Inc., effective December 18, 1987; (c) those rights of way and servitudes created in that Surface Lease between James G. Robbins to Houma Fluids Systems, Inc, dated April 29, 1985, as it pertains to plaintiffs' property; (d) those rights of way and servitudes created in that Act of Sale from South Coast Investment Company of Delaware to Venvirotek of Louisiana, Inc., dated October 1, 1992, and (e) that right of way and maintenance agreement, dated October 5, 1992.
5. Granted judgment in favor of Venvirotek and against plaintiffs, as to the facts concerning (1) a potential existing right of way from Hwy. 90 across plaintiffs' property to and adjacent to Venvirotek's tract of land, created prior to Northwestern's mortgage and (2) the legal right of way created by Art. 689 and any and all issues necessary including, but not limited thereto, to the type of right of way, servitude, and or pipeline right of way necessary for *341 the enclosed estate, the proper location for same, the amount of remuneration, the surrounding estate is entitled to for said right of way, finding that there are material issues of fact as to the type of servitude Venvirotek's property needs and is reasonably necessary for the use of their property.
6. Ordered that until there is a trial on the merits concerning the remaining issues, both parties remain in a status quo position, and the Court specifically orders and prohibits the plaintiffs from interfering with Venvirotek's present use of the previous servitudes and rights of way granted to it, which have been terminated in this judgment, until the trial court renders a judgment on the trial of the merits.
Venvirotek has appealed, alleging the following assignments of error for our review:
1.
The trial court erred in holding that the undisputed facts established, as a matter of law, that Venvirotek is entitled only to "constructive" notice of a sheriff's sale which could serve to terminate critical rights of way running in favor of its property, leaving that property inaccessible and commercially useless, under the facts and circumstances of this case.
2.
The trial court erred in holding that the undisputed facts established, as a matter of law, that Venvirotek was given sufficient notice of the sheriff's sale which could serve to terminate the critical rights of way running in favor of its property. The "notice" given was not reasonably calculated, under all the facts and circumstances, to apprise Venvirotek of the pending action or to afford it an opportunity to protect its rights.
3.
The trial court erred in failing to recognize that the reasonableness of the due process notice mandated by the Constitution can only be evaluated based on all of the facts and circumstances at a full trial on the merits. It was therefore improper for the trial court to grant summary judgment in favor of the Ostheimers.
First BIDCO has appealed, alleging the following assignments of error for our review:
1.
The trial court erred in dismissing the answer and intervention of First BIDCO, with prejudice, based on a motion for summary judgment because no motion for summary judgment was filed against First BIDCO.
2.
The trial court erred in dismissing the answer and intervention filed by First BIDCO, without prejudice, based on the exception of no cause of action because the trial court considered evidence outside of First BIDCO's answer and petition for intervention.
3.
Even assuming the trial court properly considered evidence outside of First BIDCO's answer and petition for intervention in evaluating the no cause of action exception, the trial court erred in dismissing First BIDCO's claim because whether or not First BIDCO is a party entitled to notice reasonably calculated, under all the facts and circumstances, to apprise it of the pending action and to afford it with an opportunity to protect its rights, and whether or not First BIDCO received such notice involve issues of fact which can only be evaluated at a full trial on the merits.
4.
The trial court erred in failing to evaluate the constitutionality of LSA-R.S. 13:3886.1 because that statute constituted the sole basis for the Ostheimers' exception of no cause of action.

VENVIROTEK

PARTIAL SUMMARY JUDGMENT
In its appeal, Venvirotek complains of an adverse partial summary judgment in favor of plaintiffs. The Louisiana Supreme Court *342 has stated that LSA-C.C.P. art. 1915 lists the exclusive instances in which partial summary judgments are permitted. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1241 (La.1993). LSA-C.C.P. art. 1915 provides for a partial summary judgment as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
LSA-C.C.P. art. 2083 defines, in pertinent part, appealable judgments as (1) final judgments and (2) interlocutory judgments which may cause irreparable injury. A final judgment is one that determines the merits in whole or in part; an interlocutory judgment is one that does not determine the merits, but only preliminary matters in the course of an action. LSA-C.C.P. art. 1841; Adams v. St. Tammany Parish Through Police Jury, 93-0717 (La.App. 1st Cir. 4/8/94), 636 So.2d 1003, 1004.
In the petition, plaintiffs sought a judgment (1) declaring the property to be free and clear of any pipeline right of way, road right of way and/or other easement or servitude or right of way or lease whatsoever in favor of Venvirotek; (2) declaring any lease, pipeline right of way and/or road right of way and road maintenance agreement is null and void and of no effect, and the canceling and erasing of all such from the records of Terrebonne Parish; and (3) ordering Venvirotek to remove the pipeline at its own expense and to restore the property to its former condition.
In its motion for partial summary judgment, plaintiffs alleged that they were entitled to summary judgment on the declaratory relief sought, reserving for a trial on the merits the question of whether Venvirotek was liable for damages.
The trial court granted plaintiffs' motion for partial summary judgment, finding that, as a matter of law, several servitudes and/or rights of way were terminated by the Sheriff's sale and foreclosure proceedings. However, the trial court denied plaintiffs' motion for partial summary judgment as to one right of way and a potential legal right of way. More importantly, the trial court ordered that both parties remain in a status quo position until after a trial on the merits.
A partial summary judgment which does not grant all or part of the relief prayed for, but merely disposes of one of the plaintiff's separate theories on which recovery was sought, is improper. See Cenla Physical Therapy & Rehabilitation Agency v. Lavergne, 94-873, p. 4 (La.App. 3rd Cir. 3/1/95), 651 So.2d 461, 463.
In the instant case, the partial summary judgment does not grant any of the declaratory relief sought by plaintiffs. Also, by its own terms, the judgment was to have no effect. This is an improper partial summary judgment. Therefore, this judgment is considered interlocutory and is reviewable on appeal only if it causes irreparable harm. No irreparable harm has been claimed or shown. Thus, under LSA-C.C.P. art. 2083, this judgment is not appealable. See Adams *343 v. St. Tammany Parish Through Police Jury, 636 So.2d at 1004.
An appellate court may dismiss, at any time, an appeal where there is no right to appeal. LSA-C.C.P. art. 2162. Since Venvirotek has no right to appeal this judgment, we will dismiss the appeal.[6]

FIRST BIDCO

ASSIGNMENT OF ERROR NUMBER ONE
Through this assignment of error, First BIDCO contends that the trial court erred in granting a motion for summary judgment in favor of plaintiffs and dismissing its Answer and Intervention. First BIDCO contends that plaintiffs did not file a motion for summary judgment against First BIDCO.
A thorough review of the record indicates that plaintiffs did not file a motion for summary judgment as to First BIDCO. Therefore, we reverse the judgment of the trial court, granting a summary judgment in favor of plaintiffs and dismissing First BIDCO's answer and intervention.

ASSIGNMENT OF ERROR NUMBER TWO
Through this assignment of error, First BIDCO contends that the trial court erred in sustaining plaintiffs' peremptory exception pleading the objection of no cause of action and dismissing its Answer and Intervention.
The peremptory exception pleading the objection of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 850 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993); Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3rd Cir.1990); Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d 601, 603 (La. App. 3rd Cir.1989). The purpose of this objection is to determine the legal sufficiency of a petition, and for purposes of ruling on the exception pleading the objection of no cause of action, the court must accept all well-pleaded facts in the petition and any annexed documents as true. The court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d at 850; Hunt v. Milton J. Womack, Inc., 616 So.2d 759 (La.App. 1st Cir.), writ denied, 623 So.2d 1309 (La.1993). No evidence may be introduced to support or controvert the objection of no cause of action. LSA-C.C.P. art. 931.
In support of their contention that First BIDCO's petition for intervention does not state a cause of action, plaintiffs contend that First BIDCO's only claim is for damages under LSA-R.S. 13:3886.1.
First BIDCO filed a petition to intervene in this action, as a defendant, to unite with Venvirotek (defendant) in resisting plaintiffs' demands in accordance with LSA-C.C.P. art. 1091[7]. First BIDCO did not request any relief in its favor and against plaintiffs; it simply asserted that plaintiffs were not entitled to declaratory relief. An objection pleading the objection of no cause of action addresses the cause of action asserted in a demand. Because First BIDCO did not make any demand or assert any request for relief against plaintiffs, the objection was an inappropriate procedural device to defeat First BIDCO's petition to intervene. As a result, it was error for the trial court to sustain such objection.

ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR
Based upon the resolution of the issues presented in Assignment of Error Number *344 Two, we pretermit a discussion of the remaining assignments of error.

CONCLUSION
For the foregoing reasons, Venvirotek's appeal is dismissed. The judgment of the trial court, granting a motion for summary judgment as to First BIDCO, is reversed. The judgment of the trial court, sustaining the peremptory exception pleading the objection of no cause of action and dismissing First BIDCO's answer and intervention, is reversed. This matter is remanded to the trial court for further proceedings consistent with this decision. Costs of this appeal are to be assessed equally between Venvirotek and plaintiffs.
APPEAL DISMISSED; REVERSED AND REMANDED.
NOTES
[1] Judge Hillary Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] This sale is recorded in the records of Terrebonne Parish at COB 1378, folio 573, under Entry No. 921742.
[3] The Act of Sale by Aglands Investment Company and Chemfix Technologies, Inc. to Houma Fluid Services, Inc. is recorded in COB 999, under Entry No. 749575 in the records of Terrebonne. Houma Fluid Services, Inc. changed its name to Venvirotek of Louisiana, Inc. subsequent to this sale.
[4] The Act of Sale from South Coast Investment Company of Delaware to Venvirotek is recorded under Entry No. 905895, COB 1338, folio 458 in the records of Terrebonne Parish.
[5] LSA-R.S. 13:3886.1A provides, in pertinent part, as follows:

A. The failure to notify any lienholder or other interested person having an interest in the property shall not affect the rights of the seizing creditor nor invalidate the sheriff's sale; nor shall any lien, privilege, or other encumbrance that is inferior to the rank of the lien of the seizing creditor affect the property after the sheriff's adjudication. The exclusive remedy for any person affected by the provisions of this Subsection shall be to institute a claim by summary pleadings, within one year from the date of the sheriff's adjudication, proving that he has been damaged by the failure to notify him....
[6] Because we are dismissing Venvirotek's appeal, it is unnecessary to address the assignments of error raised by Venvirotek.
[7] LSA-C.C.P. art. 1091 provides as follows:

A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.