762 So.2d 734 (2000)
Edwin GILES
v.
Burl CAIN, et al.
No. 99 CA 1201.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
*736 Edwin Giles, Pro Se Plaintiff-Appellant.
Robert S. Leake, Baton Rouge, for Defendants-Appellees.
Before NORRIS and CARAWAY, JJ., and DREW, J. Pro. Tem.
NORRIS, Judge Pro Tem.
Edwin Giles appeals a judgment affirming the inmate administrative procedure dismissing his claim with prejudice at his cost. The judgment of the district court is affirmed.

Facts
The appellant, Edwin Giles, an inmate at the Louisiana State Prison at Angola, was charged by a prison incident report with "threat to security." The March 30, 1998 incident report was based on information received from "outside sources" that Giles and fellow inmate Lester Ebarb were plotting an escape; the source stated that a boat was to be left at the river for the escape.
Giles pled not guilty to the charge. An internal prison investigation conducted in April 1998 corroborated Giles's involvement in a planned escape attempt with information from a different confidential informant, an inmate. On April 13, 1998, Giles had a hearing before the Disciplinary Board of the Department of Public Safety and Corrections. The Board found Giles guilty as charged based upon the report and the subsequent investigation. Giles was sentenced to an inter-prison custody transfer, to camp J, "Extended Lockdown."
Giles appealed the Board's decision to Burl Cain, warden of the Louisiana State Penitentiary (# LSP -98-8557). The entire administrative record was filed into the appellate record. The warden denied the appeal on June 5, 1998. On July 9, 1998, Giles then filed a petition for judicial review with the Nineteenth JDC, Parish of East Baton Rouge in accordance with La. R.S. 15:1171 et seq.
Giles's petition for judicial review alleged that his due process rights were violated by the prison administration's failure to follow the procedural requirements of the Disciplinary Rules for Adult Prisoners. His complaints included the prison administration's failure to corroborate the incident report which was based upon a confidential informant, the Board's failure to give reasons for denial of his motions at the hearing, and the Board's failure to allow him to cross examine the witnesses against him. He contended that his subsequent confinement to Camp J extended lockdown without proper procedure deprived him of a "liberty interest" which is protected by due process. Giles also argued that being a "threat to security" is not a disciplinary offense that allows punishment.
In response, the state filed a peremptory exception of no cause of action. On January 25, 1999, the commissioner rendered its report and recommendation to the district court. The commissioner found that the administration did not follow proper procedure in corroborating the confidential informant's statement upon which the incident report was based, but that this failure did not warrant relief. The commissioner noted that an investigation *737 was done by prison officials to attempt to verify the information, and based upon the result of the confidential investigation, the officer's report was accepted. The confidential investigation report indicated that a different confidential informant corroborated that Ebarb and Giles were planning to escape. The commissioner analyzed and determined that Giles did not have a constitutional right or a "liberty interest" in remaining out of extended lockdown. See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). He concluded that Giles had not shown prejudice to "substantial rights" that would authorize reversal or modification of the agency's decision below. The commissioner also concluded that "threat to security" is a punishable offense under the Disciplinary Rules for Adult Prisoners. The commissioner recommended rejecting the petition for judicial review at Giles's costs.
Following a review of the entire record, including the sealed administrative record and the commissioner's report, the district court adopted the commissioner's report as its reasons for judgment and rendered judgment in favor of the appellees and against Giles, dismissing Giles's suit with prejudice at his cost. Giles appeals this decision.

Law
Decisions of the Department of Public Safety and Corrections are reviewable by the district court. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177 A(5).
The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
La. R.S. 15:1177 A(9)
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law, based on the facts alleged in the pleadings. Allied Signal, Inc. v. Jackson, 96-0138 (La.App. 1st Cir.2/14/97), 691 So.2d 150, writ denied, 97-0660 (La.4/25/97), 692 So.2d 1091. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action; however, evidence admitted without objection may be properly considered by the court and the pleadings are considered to have been enlarged. La. C.C.P. art. 931; Lemieux v. Prudential Ins. Co., 416 So.2d 1347 (La.App. 1st Cir.), writ denied 420 So.2d 454 (1982). For purposes of ruling on the exception, the court must accept all well-pleaded facts in the petition and any annexed documents as true. Ostheimer v. Venvirotek of Louisiana, Inc., 95-2126 (La.App. 1st Cir.4/30/96), 674 So.2d 337. The court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Sinclair v. Kennedy, 96-1510 (La.App. 1st Cir.9/19/97), 701 So.2d 457; Strickland v. Layrisson, 96-1280 (La.App. 1st Cir.6/20/97), 696 So.2d 621, 624, writ denied, 97-1940 (La.11/14/97), 704 So.2d 228.
In accordance with the Administrative Procedure Act, La. R.S. 49:950 et seq., the *738 Department of Public Safety and Corrections Services adopted and promulgated new rules and regulations, LAC 21:1, Chapter 3, effective February 15, 1993, in Louisiana Register, Vol. 19, No. 5. Sections 341 et seq. of Subchapter B contain the manual of Disciplinary Rules and Procedures for Adult Inmates.
LAC 21:1.353, regarding hearings of incident reports, provides:
When the report is based solely on information from a confidential informant, or from an inmate whose identity is known, it must be corroborated by a witness (who may be other confidential informants, the record, or other evidence.) The only time the accusing employee must be summoned for cross examination is when the report is based solely on information from confidential informants. In order for the accuser to attest to the reliability of the information received from a confidential informant, the informant must not have been unreliable in the past and must have legitimate knowledge of the present incident(s).
A prisoner has certain rights when appearing before the disciplinary board. See LAC 21:1.341 et seq. All rights and procedural requirements must be followed unless waived by the accused. LAC 21:I.349B. Following a hearing, the disciplinary board must prepare a written summary of the evidence presented and reasons for judgment in all cases in which the accused pled not guilty and was found guilty. LAC 21:I.349B9. The convicted inmate will automatically be given or sent a written summary.
An inmate's custody status classification is denoted as either maximum, medium, or minimum custody. LAC 21:I.345. Maximum custody status is, generally, assignment to a cell, closely monitored by staff within a secure perimeter, as opposed to medium and minimum custody, which are, generally, assignment to dormitory housing areas within secure perimeters. LAC 21:I.345. Disciplinary detention/extended lockdown is a maximum security area for confining inmates. LAC 21:I.345. Administrative segregation is a temporary holding area, preferably a cell. LAC 21:I.345. Protective custody/extended lockdown is utilized for an inmate in need of protection, and disciplinary detention/Isolation is a punitive holding area. LAC 21:I.347H and G.
The Due Process Clause procedural protections are not triggered by any substantial deprivation imposed by prison authorities. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Sandin v. Conner, supra, and citations therein. Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. Sandin v. Conner, supra.
States may under certain circumstances create liberty interests which are protected by the Due Process Clause; however, these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, supra.

Analysis
For Giles's petition to state a cause of action, it must allege sufficient facts to show that his substantial rights were prejudiced by the agency's decision. Giles's well-pleaded allegations of fact must be accepted as true, and the issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Ostheimer v. Venvirotek of Louisiana, Inc., supra. The state filed a motion to seal the administrative record for review only *739 by the court; Giles did not object to the motion, and it was granted. As stated by both the commissioner and the district court, the entire administrative record and arguments submitted by the parties were considered; the district court adopted the commissioner's report as its reasons for judgment. Thus, it is clear from the judgment that the pleadings were enlarged without objection. Therefore, the district court properly considered the evidence contained in the entire record in dismissing Giles' petition for judicial review. Lemieux v. Prudential Ins. Co., supra.
Our review of the record reveals that proper procedure was not followed in corroborating the confidential informant upon which the incident report was based, and upon which Giles was charged. In its report, the commissioner agreed with Giles that prison officials did not follow their own written rules regarding corroborative evidence on incident reports, specifically referring to LAC 21:I.353 quoted hereinabove. The commissioner noted that the normally used confidential information sheets were provided to Giles.
In spite of the prison administration's failure to corroborate the confidential informant upon which the incident report was based, the commissioner's report was correct in concluding that such failure did not warrant relief. Giles failed to prove that his subsequent confinement resulted in a loss of a liberty interest which is protected by the Due Process Clause. He did not show that his confinement to Camp J extended lockdown was atypical and significant hardship in relation to the ordinary incidents of prison life. He failed to show that his confinement exceeded similar confinements in either duration or degree. Although he contended that he has been deprived of many privileges and accommodations of ordinary prison life, it is clear from a review of the disciplinary rules applicable to Giles that his confinement in disciplinary detention/extended lockdown "mirrors" the conditions of inmates confined in administrative segregation, protective custody/extended lockdown, and in disciplinary detention/isolation.
In sum Giles failed to show that his confinement to Camp J extended lockdown is atypical and significant hardship in relation to the ordinary incidents of prison life. As such, he also failed to prove that he had a substantial interest in being free from extended lockdown.

Threat to security
Giles also argues that being a "threat to security" is not a disciplinary offense that allows punishment.[1] In Giles v. Cain, 89-0212 (La.App. 1st Cir.4/19/99), 734 So.2d 109,[2] the court agreed that "threat to security" was a valid charge on an incident report which warranted disciplinary action. In so holding, the court reviewed the definition of "incident report" and found that "the incident report was defined in the Disciplinary Rules to cover conduct which does not violate a specific disciplinary rule, but poses a disciplinary threat to the institution." Id. A planned escape attempt is a threat to security and clearly falls under the category of conduct posing a disciplinary threat to an institution. Accordingly, the district court did not err in finding that Giles was charged *740 with a valid charge of "threat to security" which warranted disciplinary action.

Conclusion
For the reasons set forth above, the judgment of the district court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Giles cites Mouton v. Schotte, # 336,150 (1991) and Webb v. Legal Programs Department, # 393,591 (1995) for this contention. Our research reveals the case of Floyd Webb v. Legal Programs, 96-0233 (La.App. 1st Cir.11/8/96), 686 So.2d 171, is a case designated as "decisions without published opinions." By rule, such cases shall not be cited, quoted or referred to by any counsel, or in any argument, brief, or other materials presented to any court. URCA, Rule 2-16.3.
[2] Giles v. Cain, 89-0212 (La.App. 1st Cir.4/19/99), 734 So.2d 109, was superseded by La. R.S. 13:713, which requires the trial court to conduct a de novo review of a commissioners findings. State v. Brewster, 99,1361 (La.App. 1st Cir.2/18/00), 764 So.2d 969.