DOUGLAS CARTER,
v.
JAMES M. LEBLANC, SECRETARY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; BURL CAIN, WARDEN; COLONEL LOUIS STROUD, SECURITY; MONIQUE HALL, SOCIAL WORKER; LIEUTENANT COLONEL GARY McDONALD, INVESTIGATIVE SERVICES; MAJOR CASSANDRA TEMPLE, INVESTIGATIVE SERVICES AND LIEUTENANT COLONEL KENNETH DUPUIS, SECURITY.
No. 2009 CA 1259.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication.
DOUGLAS CARTER, Plaintiff/Appellant In Proper Person
WILLIAM KLINE, Counsel for Defendant/Appellee Louisiana Department of Corrections.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
Douglas Carter, an inmate in the custody of the Department of Public Safety and Corrections, appeals the trial court's dismissal of his petition for judicial review. We affirm.

FACTS AND PROCEDURAL HISTORY
Carter was charged with violating Prison Disciplinary Rules #30D and #22 (General Prohibited Behavior and Theft). He was subsequently found guilty by the Disciplinary Board and sentenced to a custody change to maximum (Extended Lockdown). After exhausting his administrative remedies by appealing the Disciplinary Board's decision, Carter filed a petition for Judicial Review, alleging that he was denied due process at his disciplinary hearing.
The Commissioner's Screening Report recommended dismissal of Carter's petition for judicial review with prejudice for failure to state a cognizable claim or cause of action for relief because the petition did not raise a substantial right violation as required by La. R.S. 15:1177(A)(9). The court adopted the Commissioner's recommendation and dismissed Carter's appeal with prejudice. This appeal followed, in which Carter alleges that the court's application of the law to the facts was unreasonable and violated his constitutional rights.

DISCUSSION
Judicial review of administrative decisions is governed by La. R.S. 15:1177(A)(9), which provides:
The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues. (Emphasis added).
Carter asserts that the disciplinary proceedings violated his due process rights; however, the procedural protections of the Due Process Clause are not triggered by just any substantial deprivation imposed by prison authorities. Giles v. Cain, 99-1201, p. 5 (La.App. 1 Cir. 6/23/00), 762 So.2d 734, 738. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law. Giles, 99-1201 at p. 5, 762 So.2d at 738 (citing Sandin v. Conner, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed. 418 (1995)). Thus, in order to invoke the protection of the Due Process Clause, a prisoner must show an imposition of an atypical and significant hardship in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 486, 115 S.Ct. at 2301.
Carter argues on appeal that the custody change to extended lockdown presents an "atypical hardship" and does affect a "substantial right" because the Louisiana State Penitentiary is different from other prisons and "Camp  `J'/TU extended lockdown is one of the harshest of penalties, if not the harshest." However, this court has previously held that a custody change at the Louisiana State Penitentiary to "Camp J" extended lockdown did not prejudice a substantial right so as to state a cause of action for judicial review. See Giles, 99-1201 at pp. 6-7, 762 So.2d 739.
From our review of the record, we conclude Carter failed to establish that his custody change to extended lockdown is an atypical or significant hardship in relation to the ordinary incidents of prison life, and consequently, failed to establish prejudice to his substantial rights. Thus, modification or reversal of the disciplinary action was not warranted under the law. See La. R.S. 15:1177A(9).

DECREE
The judgment dismissing Carter's petition for judicial review with prejudice is affirmed. Costs of this appeal are assessed to plaintiff, Douglas Carter.
AFFIRMED.