HIGGINBOTHAM, J.
In this appeal, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC") appeals the district court's judgment dismissing his petition for judicial review of the final agency decision rendered in a disciplinary matter on the grounds that he failed to raise a "substantial right" violation and, thus, failed to state a cause of action.
FACTS AND PROCEDURAL HISTORY
On March 27, 2016, Michael Dorsey, an inmate in the custody of the DPSC, was issued a disciplinary report for violating Disciplinary Rules and Procedures for Adult Offenders.[1] Dorsey was charged with violating Rule 30D (General Prohibited *371 Behaviors) for giving a letter to an officer while in the infirmary in an "attempt to gain a non-professional relationship" with the officer. Following a hearing, the Disciplinary Board found him guilty and sentenced him to a custody change to maximum working cell block and six weeks loss of yard privileges. He appealed the decision to the warden and the Secretary of the DPSC, and his appeal was denied by both.
On October 28, 2016, Dorsey filed a petition for judicial review in the Nineteenth Judicial District Court contending that his due process rights were violated. In a recommendation issued by the commissioner, the commissioner concluded that Dorsey failed to state a cause of action because he did not raise a violation of his substantial rights. Therefore, the commissioner recommended that Dorsey's petition for judicial review be dismissed. After a de novo review of the record, the district court adopted the reasons of the commissioner and dismissed Dorsey's petition without prejudice. Dorsey then filed the instant appeal.
DISCUSSION
Pursuant to La. R.S. 15:1177(A)(9), a district court may modify or reverse a decision of the DPSC in a prison disciplinary action "only if substantial rights of the appellant have been prejudiced" because the DPSC's findings or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence in the whole record. (Emphasis added).
The notion that the procedural protections of the Due Process Clause are triggered by any substantial deprivation imposed by prison authorities has been soundly rejected. See Meachum v. Fano, 427 U.S. 215, 224-225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. Sandin v. Conner, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Thus, in order for Dorsey's petition to state a cognizable claim for judicial review of a disciplinary matter, it must allege facts demonstrating that his "substantial rights" were prejudiced by the agency's decision. See Giles v. Cain, 99-1201 (La. App. 1st Cir. 6/23/00), 762 So.2d 734, 738.
Here, the disciplinary proceedings resulted in a change in Dorsey's custody status and a temporary loss of yard privileges. It is well settled that a change of custody status and loss of yard privileges do not constitute atypical or significant hardships in relation to the ordinary incidents of prison life and do not prejudice an inmate's substantial rights. See Robinson v. Rader, 2014-0333 (La. App. 1st Cir. 11/20/14), 167 So.3d 780, 781 ; Harris v. Cain, 2010-1474 (La. App. 1st Cir. 2/11/11), 2011 WL 846078, *2 (unpublished); Simmons v. Louisiana Department of Public Safety and Corrections, 2017-0961 (La. App. 1st Cir. 2/20/18), 2018 WL 946946, *1 (unpublished). Because Dorsey's change in custody status and loss of yard privileges do not affect his substantial rights, the district court did not err in dismissing Dorsey's claim. See La. R.S. 15:1177(A)(9), and 1178.
*372 CONCLUSION
For the foregoing reasons, the October 24, 2017 judgment of the district court dismissing Dorsey's petition for judicial review without prejudice is affirmed. All costs of the appeal are assessed against plaintiff-appellant, Michael Dorsey.
AFFIRMED.

These rules are compiled in the Louisiana Administrative Code, Title 22, Part I, Chapter 3, Subchapter B. See LAC 22:I.341.