NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0018

DARNEL LEWIS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS

Judgment Rendered:   SEP 2 7 2019

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge, Louisiana
Docket Number C672138

Honorable Timothy Kelley, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

Darnell Lewis                          Plaintiff/Appellant, *pro se*
Homer, LA

Jonathan R. Vining                     Counsel for Defendant/Appellee,
Baton Rouge, LA                        Louisiana Department of Public
                                       Safety and Corrections

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE:  WHIPPLE, C. J., GUIDRY AND CRAIN, JJ.

**WHIPPLE, C. J.**

In this appeal, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the DPSC") challenges the district court's judgment dismissing his petition for judicial review of a final agency decision rendered in a disciplinary matter on the grounds that he failed to raise a "substantial right" violation and, thus, failed to state a cause of action. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On December 19, 2017, Darnell Lewis,[1] an inmate in the custody of the DPSC who is housed at the David Wade Correctional Center, was issued a disciplinary report for the Disciplinary Rules and Procedures for Adult Offenders.[2] Lewis was charged with violating Rule 30D (General Prohibited Behavior) for spending an excessive amount of time talking to a female security officer on numerous occasions in an "attempt at a non-professional relationship" with the officer.

Following a hearing, the Disciplinary Board found Lewis guilty and sentenced him to a custody change to extended lockdown and twelve weeks loss of yard privileges. Lewis appealed the decision to the warden and the Secretary of the DPSC, both of whom denied his appeal.

Lewis then filed a petition for judicial review in the Nineteenth Judicial District Court, seeking review of the finding that he was guilty of the charged rule violation and complaining that he was not allowed to confront the reporting officer. In a recommendation issued by the commissioner, the commissioner concluded that Lewis failed to state a cause

---

[1] While Lewis's first name is spelled "Darnel" in the caption of his petition for judicial review, his signature indicates that his first name is actually "Darnell."

[2] These rules are compiled in the Louisiana Administrative Code. See LAC 22:I.341.

2

of action because he did not raise a violation of a substantial right. Therefore, the commissioner recommended that Lewis's petition for judicial review be dismissed without prejudice. After a *de novo* review of the record, the district court adopted the commissioner's recommendation and dismissed Lewis's petition for judicial review without prejudice. From this judgment, Lewis filed the instant appeal.

## DISCUSSION

A reviewing court may reverse or modify an administrative decision **"only if substantial rights of the appellant have been prejudiced"** because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9) (emphasis added). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. Sandin v. Conner, 515 U.S. 472, 485, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995). Thus, in order for Lewis's petition to state a cognizable claim for judicial review of a disciplinary matter, it must allege facts demonstrating that his "substantial rights" were prejudiced by the agency's decision. See Giles v. Cain, 99-1201 (La. App. 1st Cir. 6/23/00), 762 So. 2d 734, 738.

Here, the disciplinary proceedings resulted in a change in Lewis's custody status and a temporary loss of yard privileges. It is well settled that

a change of custody status and loss of yard privileges do not constitute atypical or significant hardships in relation to the ordinary incidents of prison life and do not prejudice an inmate's substantial rights. See Dorsey v. Louisiana Department of Public Safety and Corrections, 2018-0416 (La. App. 1st Cir. 9/24/18), 259 So. 3d 369, 371 and cases cited therein. Because Lewis's change in custody status and loss of yard privileges do not affect his substantial rights, the district court did not err in dismissing his claim. See LSA-R.S. 15:1177(A)(9) & 1178.

## CONCLUSION

For the above and foregoing reasons, the district court's August 27, 2018 screening judgment, dismissing Lewis's petition for judicial review without prejudice, is affirmed. Costs of this appeal are assessed against Darnell Lewis.

**AFFIRMED.**