NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0640

DENNIS D. THOMAS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS

Decision Rendered: ___**JAN 0 9 2020**___

* * * * * * *

ON APPEAL FROM
THE 19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 653,512

HONORABLE DONALD JOHNSON, JUDGE

* * * * * * *

Dennis D. Thomas
Homer, Louisiana

Pro Se

Susan Wall Griffin
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

**McDONALD, J.**

In this appeal, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the DPSC) challenges a district court judgment dismissing his petition for judicial review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 2016, Dennis D. Thomas, an inmate housed at David Wade Correctional Center in Homer, Louisiana, was issued a disciplinary report for committing aggravated disobedience by disobeying two verbal orders to hold the noise level down at the prison's N3A-cell #9. After a hearing, the DPSC Disciplinary Board found Mr. Thomas guilty and sentenced him to 10 days of disciplinary detention/lockdown and a loss of 12 weeks of yard/recreation privileges. Mr. Thomas appealed the decision to the warden, who denied it, and then to the DPSC Secretary, who rejected it as moot.

Mr. Thomas then filed a petition for judicial review in the 19th Judicial District Court, seeking review of the disciplinary action. He claimed there was insufficient evidence showing that he was making any noise on the day of the incident and that the DPSC Disciplinary Board erred in denying his request to confront the officer who issued the disciplinary report to him. The DPSC filed a motion to dismiss the petition. The commissioner reviewing Mr. Thomas' petition concluded Mr. Thomas failed to state a cause of action, because he did not raise a violation of a substantial right; the commissioner recommended that Mr. Thomas' petition be dismissed with prejudice. On August 22, 2017, the district court signed a judgment adopting the commissioner's reasons and dismissing Mr. Thomas' petition for judicial review for failure to raise a "substantial right" violation as required by La. R.S. 15:1177A. Mr. Thomas appeals the dismissal of his petition.

## DISCUSSION

Under the Louisiana Corrections Administrative Remedy Procedure Act, La. R.S. 15:1171 *et seq.*, a reviewing court may reverse or modify an agency decision "only if substantial rights of the appellant have been prejudiced," because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in

2

excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177A(9). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law. *Sandin v. Conner*, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Thus, for Mr. Thomas' petition to state a cognizable claim for judicial review of a disciplinary matter, the petition must allege facts demonstrating that the agency's decision prejudiced his "substantial rights." *See Giles v. Cain*, 99-1201 (La. App. 1 Cir. 6/23/00), 762 So.2d 734, 738.

Here, the subject disciplinary proceedings resulted in a change in Mr. Thomas' custody status and a temporary loss of yard/recreation privileges. It is well settled that a change in custody status and loss of yard/recreation privileges do not constitute atypical or significant hardships in relation to the ordinary incidents of prison life and do not prejudice an inmate's substantial rights. *See Dorsey v. Louisiana Department of Public Safety and Corrections*, 18-0416 (La. App. 1 Cir. 9/24/18), 259 So.3d 369, 371, and cases cited therein. Because Mr. Thomas' change in custody status and loss of yard/recreation privileges do not affect his substantial rights, the district court did not err in dismissing his petition for judicial review. *See* La. R.S. 15:1177A(9).

## CONCLUSION

For the above reasons, we affirm the district court's August 22, 2017 judgment, dismissing Dennis D. Thomas' petition for judicial review with prejudice. We assess no costs in this pauper suit.

**AFFIRMED.**