STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1358

ALDOLPHUS WILSON, SR.
D.O.C. # 731398

VERSUS

JAMES M. LEBLANC, SECRETARY,
LOUISIANA DEPARTMENT OF
PUBLIC SAFETY & CORRECTIONS, ET AL.

*Judgment Rendered:* **MAY 1 1 2020**

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. C683384

The Honorable Wilson E. Fields, Judge Presiding

********

| | |
|---|---|
| Aldolphus Wilson, Sr.<br>Raceland, Louisiana | Plaintiff/Appellant<br>In Proper Person |
| Debra A. Rutledge<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**LANIER, J.**

Petitioner, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), challenges the district court's July 22, 2019 judgment, which sustained the DPSC's exception raising the objection of no cause of action, affirmed a decision of the DPSC Disciplinary Board, and dismissed, with prejudice, his petition for judicial review. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 9, 2019, Aldolphus Wilson was issued a disciplinary report for violating Rule #5 (Aggravated Disobedience). Following a hearing, the DPSC Disciplinary Board found Wilson guilty and sentenced him to 2 weeks loss of yard/recreation privileges. After exhausting his administrative remedies, Wilson filed a petition for judicial review in the 19th Judicial District Court, seeking review of the disciplinary action.

The DPSC responded to the petition with an exception raising the objection of no cause of action. Noting that Wilson had suffered no significant deprivation of his rights, the DPSC argued that his petition did not state a cause of action. The matter was then referred to a commissioner for review. After considering the record, the commissioner recommended that the DPSC's exception be sustained, that the disciplinary action be affirmed, and that Wilson's appeal be dismissed, with prejudice. Wilson timely filed a traversal of that recommendation, reiterating his arguments to the court. On July 22, 2019, the district court signed a judgment, sustaining the DPSC's exception raising the objection of no cause of action, affirming the decision of the DPSC's Disciplinary Board, and dismissing, with prejudice, Wilson's petition for judicial review. This appeal followed.

2

# DISCUSSION

Under the Louisiana Corrections Administrative Remedy Procedure Act, La. R.S. 15:1171 *et seq.*, a reviewing court may reverse or modify an agency decision "only if substantial rights of the appellant have been prejudiced," because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law. **Sandin v. Conner**, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Thus, for Wilson's petition to state a cognizable claim for judicial review of a disciplinary matter, the petition must allege facts demonstrating that the agency's decision prejudiced his "substantial rights." See **Giles v. Cain**, 99-1201 (La. App. 1 Cir. 6/23/00), 762 So.2d 734, 738.

In the instant case, the commissioner concluded as follows:

> In this case, the penalty imposed was two (2) weeks loss of yard/recreation. The Petitioner was afforded a hearing and an appeal of the ruling to the Warden and the Secretary. Considering the nature of the penalty, and the fact that it does not affect the length of the Petitioner's sentence or present any other drastic departure from expected prison life, the Petitioner fails to set forth a substantial right violation which would authorize this Court to intervene and reverse the Agency's decision. Consequently, this Court has no authority to review the claims raised based on the allegations made. This suit must be dismissed because it is without a basis in law or fact. Based on my analysis herein, my formal recommendation follows.
>
> . . . .

3

Having considered the entire record and the applicable law, I find that the Petitioner not only fails to show that the decision of the disciplinary board was arbitrary, capricious, or manifestly erroneous in violation of any of his rights, but also fails to show that this court can grant him any relief that he requests. Therefore, I recommend that the Department's Peremptory Exception of No Cause of Action be sustained, the disciplinary decision be affirmed and that this appeal be dismissed with prejudice at Petitioner's costs. [Footnotes omitted.]

As noted by the commissioner, the subject disciplinary proceedings resulted in a temporary loss of yard/recreation privileges. It is well settled that a loss of yard/recreation privileges does not constitute an atypical or significant hardship in relation to the ordinary incidents of prison life and do not prejudice an inmate's substantial rights. See **Dorsey v. Louisiana Department of Public Safety and Corrections**, 2018-0416 (La. App. 1 Cir. 9/24/18), 259 So.3d 369, 371, and cases cited therein. Because Wilson's loss of yard/recreation privileges does not affect his substantial rights, the district court did not err in dismissing, with prejudice, Wilson's petition for judicial review. See La. R.S. 15:1177(A)(9). After a thorough review of the record, in consideration of Wilson's arguments on appeal, and applying the relevant law and jurisprudence, we find no error of law or abuse of discretion by the district court in adopting, as its own, the commissioner's report.

## CONCLUSION

For the above and foregoing reasons, we affirm the district court's July 22, 2019 judgment and find that the district court's reasons for judgment, as set forth in the commissioner's recommendation, adequately explain the decision. We assess all costs associated with this appeal against petitioner, Aldolphus Wilson.

**AFFIRMED.**