NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0891

DONALD RAY MAGEE

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS

DATE OF JUDGMENT:     MAR 0 3 2022

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 705878, SECTION 27, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE TRUDY M. WHITE, JUDGE

* * * * * *

| | |
|---|---|
| Donald Magee, Jr.<br>Angie, Louisiana | Plaintiff-Appellant<br>Donald Ray Magee, Jr., *Pro Se* |
| Jonathan R. Vining<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>Louisiana Department of Public Safety<br>& Corrections |

* * * * * *

BEFORE:  GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Disposition: **AFFIRMED.**

**Chutz, J.**

Petitioner, Donald Ray Magee, Jr., an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a district court judgment dismissing, with prejudice, his petition for judicial review of a disciplinary action. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 24, 2020, Magee was issued a disciplinary report for violating Rule No. 1 (contraband). Following a hearing, the disciplinary board found Magee guilty and sentenced him to two weeks loss of yard and recreation privileges. Magee's administrative appeals to the Warden and to the Secretary of DPSC were each rejected. Magee then filed a petition for judicial review in the Nineteenth Judicial District Court, seeking review of the disciplinary action.

Pursuant to La. R.S. 15:1178 and 15:1188, a Nineteenth Judicial District Court commissioner reviewed the petition to determine whether it stated a cause of action or cognizable claim for relief. After considering the record, the commissioner concluded the district court lacked authority to review Magee's claims because his petition failed to state a substantial rights violation. Accordingly, the commissioner recommended the disciplinary action be affirmed and petitioner's appeal be dismissed, with prejudice. Following a *de novo* review, the district court signed a judgment on July 22, 2021, in accordance with the commissioner's recommendation affirming DPSC's disciplinary action and dismissing Magee's petition for judicial review. Magee now appeals.

## DISCUSSION

In his *pro se* brief, Magee alleges he did not receive a copy of the commissioner's report until ten days after it was mailed, making it too late for him to traverse the commissioner's findings during the ten-day period permitted by La. R.S. 13:713(C)(3). Initially, we note that appellate courts are courts of record and

2

may not review evidence not contained in the record or receive new evidence. La. C.C.P. art. 2164; *Denoux v. Vessel Management Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88. The record in this case contains no evidence supporting Magee's allegation. Further, on appeal, Magee failed to set forth any basis on which he could have traversed the commissioner's finding that his petition for judicial review failed to set forth a substantial rights violation.

Pursuant to La. R.S. 15:1177(A)(9), a reviewing court may reverse or modify an agency decision "**only if substantial rights of the appellant have been prejudiced,**" because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. (Emphasis added.) Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law. *Sandin v. Conner*, 515 U.S. 472, 485, 115 S. Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Thus, in order for an inmate's petition to state a cognizable claim for judicial review of a disciplinary matter, it must allege facts demonstrating the agency's decision prejudiced his "substantial rights." See *Lewis v. Louisiana Department of Public Safety & Corrections*, 19-0018 (La. App. 1st Cir. 9/27/19), 2019 WL 4729511, *1; *Giles v. Cain*, 99-1201 (La. App. 1st Cir. 6/23/00), 762 So.2d 734, 738.

The disciplinary proceedings against Magee resulted in the loss of yard and recreation privileges for two weeks. It is well-settled that a loss of yard/recreation privileges does not constitute an atypical or significant hardship in relation to the

3

ordinary incidents of prison life and does not prejudice an inmate's substantial rights. *Wilson v. Leblanc*, 19-1358 (La. App. 1st Cir. 5/11/20), 303 So.3d 678, 680, writ denied, 20-01451 (La. 3/23/21), 312 So.3d 1107; see *Dorsey v. Louisiana Department of Public Safety*, 18-0416 (La. App. 1st Cir. 9/24/18), 259 So.3d 369,371. As previously indicated, courts may intervene and reverse or modify DPSC's decision in a disciplinary case only where the petitioner's substantial rights have been prejudiced. *Simmons v. Louisiana Department of Public Safety & Corrections*, 17-0961 (La. App. 1st Cir. 2/20/18), 2018 WL 946946, at *1, writ denied, 18-0488 (La. 3/25/19). 267 So.3d 598. Because Magee's loss of yard/recreation privileges does not affect his substantial rights, his petition for judicial review failed to state a cognizable claim. The district court did not err in dismissing the petition with prejudice on this basis. See La. R.S. 15:1177(A)(9); La. R.S. 15:1178; La. R.S. 15:1188(A); *Dorsey*, 259 So.3d at 371.

## CONCLUSION

For these reasons, the district court judgment dismissing Magee's petition for judicial review and affirming DPSC's disciplinary action is affirmed. All costs of this appeal are assessed to petitioner, Donald Ray Magee.

**AFFIRMED.**

4