727 So.2d 592 (1998)
Richard LAY
v.
Lt. POREY, et al.
No. 97 CA 2903.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
Rehearing Denied March 4, 1999.
Richard Lay, Angola, Pro Se/Appellant.
David G. Sanders, Baton Rouge, for Defendant/Appellee, Lt. Porey, et al.
Before: SHORTESS, C.J., CARTER, and WHIPPLE, JJ.
CARTER, J.
Richard Lay, an inmate in the custody of the Louisiana Department of Corrections, filed an application for a writ of habeas corpus *593 challenging the constitutionality of LSA-C.Cr.P. art. 930.8 and LSA-R.S. 15:574.9. By order dated May 24, 1996, the Twentieth Judicial District Court found Lay's complaints were not properly asserted under a writ of habeas corpus, and denied the writ.[1]
Contained in the same record are documents Lay filed which assert a constitutional challenge to the Department of Corrections Regulation B-06-001, regarding medical co-payments. The record also contains complaints of the Angola State Penitentiary Posted Policies regarding possession of radios, photographs, access to writing material, law books, and correspondence courses.
In response to the multitude of complaints, the defendants filed a dilatory exception raising the objection of vagueness to Lay's complaint. The defendants also brought a motion to dismiss based on Lay's failure to exhaust his administrative remedies.
At the March 20, 1997 hearing before the Commissioner, the issues of this litigation were narrowed to three. The first issue defined was the judicial review of Administrative Remedy Procedure 96-0669-W. The second issue was the constitutionality of medical costs imposed by the Department's Regulation B-006-001, and the third issue was the constitutionality of Department Regulation B-09-004, regarding the imposition of costs on indigent inmates for stamps, paper, and other materials.
The defendants filed a Motion to Dismiss Lay's constitutional challenges to the two Department regulations for failure to exhaust his administrative remedies prior to filing suit on the same. Pursuant to the recommendation of the Commissioner, judgment was rendered in favor of the defendants on all three issues, dismissing the entire litigation.
Lay now appeals the dismissal of his lawsuit.

DISCUSSION
We first address the dismissal of Lay's constitutional challenges to Department Regulation B-006-001, and B-09-004 based on Lay's failure to exhaust his administrative remedies. The Commissioner relied upon LSA-R.S. 15:1171B, which stated in pertinent part:
The department ... may also adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof ... which arise while an offender is in the custody of the Department ... Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations ... or challenges to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows.
The Commissioner's report indicated that Lay was required by LSA-R.S. 15:1172B to exhaust his administrative remedies with regard to his complaints of the constitutionality of Department Rules and Regulations prior to seeking judicial review of the same. We find no error in the dismissal of Lay's constitutional challenge of the Department Regulations given the fact the record indicates he has not exhausted his administrative remedies.
Lay also appeals the dismissal of his petition for judicial review of Administrative Remedy Procedure LSP-96-0669-W. Lay's request for review stems from a disciplinary hearing, charging Lay with a violation of Rule 3, Defiance, of the Disciplinary Rules and Procedures for Adult Inmates. Lay was charged with and subsequently found guilty of Defiance for cursing and directing foul language against Joseph Brewer, an employee *594 of the Louisiana Department of Public Safety and Corrections. Following Lay's hearing on the charge, he was sentenced to 30 days of cell confinement.
In reviewing this decision, we must consider LSA-R.S. 15:1177A(9), which provides:
The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
According to the Commissioner's report, Lay failed to show that his substantial rights had been prejudiced in accordance with LSA-R.S. 15:1177A(9), and that Lay's 30-day cell confinement did not rise to the level of a substantial right. After our review of the record, we agree. Lay had made no showing his substantial rights were violated because of the punishment he received for his violation of the Disciplinary Rules and Procedures for Adult Inmates. Accordingly, we find no error in the dismissal of his petition for judicial review. The decision of the trial court is affirmed.
AFFIRMED.
SHORTESS, J., concurs.
NOTES
[1] There is no explanation contained in the record as to how action by the Twentieth Judicial District Court is contained in a record from the Nineteenth Judicial District Court.