| .WHIPPLE, J.
This is an appeal by plaintiff, David L. Davies, an inmate at Elayn Hunt Correctional Center, challenging the dismissal of his petition for judicial review of the denial of his appeal of an unfavorable decision of a Disciplinary Officer under the Corrections Administrative Remedy Procedure Act. In the administrative appeal and the petition filed in district court, Davies challenged the finding of guilt of a disciplinary offense and the sentence of two days extra duty, which sentence was suspended, pursuant to the disciplinary rules governing adult inmates.
In accordance with LSA-R.S. 15:1178 and 1188, upon filing of the petition in the Nineteenth Judicial District Court on June 10, 1999, it was sent to a commissioner for screening. and to determine whether the petition stated a cognizable claim or if the petition, on its face, was frivolous or malicious, failed to state a cause of action, or sought monetary damages from a defendant who was immune from liability for monetary damages. On July 29, 1999, the commissioner issued a screening report, recommending the dismissal of Davies’ petition because of its failure to state a cause of action or cognizable claim upon which relief may be granted.
The district court subsequently signed a judgment adopting the written recommendation of the commissioner and dismissed Davies’ suit without prejudice in accordance with LSA-R.S. 15:1178(D). Davies appeals.
After careful consideration of the administrative record, we conclude that the record fully supports the findings and recommendations of the commissioner, as adopted by the district court.
The procedure and standard for review by the district court is set forth, in pertinent part, in LSA-R.S. 15:1177(A)(5) and (9) which provide:
ls(5) The review shall be conducted by the court without a jury and shall be confined to the record. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. In cases of alleged irregularities in procedure before the agency, proof thereon may be taken in the court.
(9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues. (Emphasis added.)
In recommending that the appeal be dismissed, the commissioner noted that *1241 Davies had failed to show that his substantial rights had been prejudiced, within the meaning of LSA-R.S. 15:1177(A)(9). Noting that the suspended sentence of two days extra duty does not involve a “liberty interest” or other protected due process right, the commissioner concluded that the finding of guilt and minor penalty imposed herein did not rise to the level of a “substantial right” for which a right of judicial review exists. After our review of the record, we agree.
Davies has made no showing that any substantial rights were violated. Indeed, we deem the punishment he received for his violation of the [/‘Disciplinary Rules and Procedures for Adult Inmates” a minor and authorized penalty. On review, we agree with the district court that the petition fails to state a cause of action or cognizable claim upon which relief can be granted. Accordingly, we find no error in the dismissal of his petition for judicial review and affirm the decision of the district court. See Lay v. Porey, 97-2903, p. 4 (La.App. 1 Cir. 12/28/98), 727 So.2d 592, 594. Thus, we find no merit to this appeal, which we deem a successive claim for the purposes of LSA-R.S. 15:1187.
DECREE
For the above and foregoing reasons, the September 9, 1999 judgment of the district court is affirmed.
Additionally, we hold the appeal herein constitutes a “successive claim” pursuant to LSA-R.S. 15:1187. Costs of this appeal in the amount of $506.39 are hereby assessed against plaintiff/appellant, David L. Davies.
AFFIRMED.