845 So.2d 445 (2003)
Richard PARKER
v.
James LeBLANC (Warden at Dixon Correctional Institute), Richard Stalder (Secretary of the Department of Public Safety & Corrections) and Steven L. Thomas (Colonel at Dixon Correctional Institute)
No. 2002 CA 0399.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
*446 Richard Parker, Jackson, Plaintiff/Appellant In Proper Person.
William L. Kline, Baton Rouge, Counsel for Defendants/Appellees James LeBlanc, et al.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
FITZSIMMONS, J.
Plaintiff, Richard Parker, filed a petition for judicial review of an administrative remedy action. The district court found that Mr. Parker failed "to raise a substantial right violation which would state a cause of action and/or invoke the jurisdiction of [the clourt, pursuant to [La.] R.S. 15:1177(A)(9)." The petition for judicial review was dismissed, with prejudice.
After a thorough review of the record, we agree with the reasoning of the district court and the commissioner. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297, 132 L.Ed.2d 418 (1995). Mr. Parker's change in custody status from medium to maximum and a thirty-day confinement was not atypical or a significant hardship in relation to the ordinary incidents of prison life. Thus, the change in custody did not afford Mr. Parker "a protected liberty interest that would entitle him to ... procedural protections," violate his constitutional rights, or entitle him to damages. Sandin v. Conner, 515 U.S. at 487, 115 S.Ct. at 2302; see Giles v. Cain, 99-1201, pp. 4-7 (La.App. 1 Cir. 6/23/00), 762 So.2d 734, 738-39; Lay v. Porey, 97-2903, p. 4 (La. App. 1 Cir. 12/28/98), 727 So.2d 592, 594, writ denied, sub nom. 99-2720 (La.3/31/00), 758 So.2d 812.
Therefore, we affirm the judgment in favor of defendants, State of Louisiana, Department of Public Safety and Corrections, and its employees specifically named in the suit. The costs of the appeal are assessed to plaintiff-appellant, Mr. Parker.
AFFIRMED.