LAWRENCE ALFORD
v.
JAMES M. LEBLANC, SECRETARY AND JERRY GOODWIN, WARDEN
No. 2009 CA 0666.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
LAWRENCE ALFORD, In Proper Person Plaintiff-Appellant.
WILLIAM L. KLINE, Counsel for Defendants-Appellees James M. LeBlanc, Secretary of Louisiana Department of Public Safety and Corrections, and Jerry Goodwin, Warden of David Wade Correctional Center.
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
After unsuccessfully challenging a rule violation report[1] through the Corrections Administrative Remedy Procedure, Lawrence Alford, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), and housed at the David Wade Correctional Center in Homer, Louisiana, filed a petition for judicial review of his administrative challenge with the Nineteenth Judicial District Court pursuant to La. R.S. 15:1177. In a screening report submitted by a commissioner assigned by the district court to review the matter, it was recommended that Alford's petition be dismissed "with prejudice and at the petitioner's cost, for the reason that he fails to raise a substantial right violation. Furthermore, it is recommended that the petitioner be assessed a strike." This recommendation was made based on the commissioner making the following findings:
In cases such as this one, where the potential punishment only affects a custody classification or minor sanction and not eventual release, due process merely requires that the prisoner be allowed to give his version of the incident. Hewitt v. Helms, [459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)]. The petitioner fails to allege that the penalty imposed by the disciplinary board constitutes an atypical deprivation of a substantial right of the petitioner. The pleading submitted by the petitioner reflects that the petitioner was given a hearing, therefore, his punishment is not subject to review by this Court.
The district court rendered a screening judgment in conformity with the recommendation of the commissioner on January 29, 2009.
After a thorough review of the record, we find no error in the analysis or conclusions of the district court. As recognized by the commissioner in the screening report, in order for the district court to reverse or modify the decision of the DPSC, Alford had to first show how his substantial rights were prejudiced by the decision. See La. R.S. 15:1177A(9). The disciplinary sentence of a loss of 24 weeks incentive wages and a custody change to maximum extended lockdown is not unusual or a significant hardship in relation to the ordinary incidents of prison life and did not prejudice Alford's substantial rights. Thus, modification or reversal of the disciplinary action by the DPSC was not warranted under the law. See Parker v. Leblanc, 02-0399, p. 2 (La. App. 1st Cir. 2/14/03), 845 So. 2d 445, 446; Giles v. Cain, 99-1201, pp. 6-7 (La. App. 1st Cir. 6/23/00), 762 So. 2d 734, 739.
We, therefore, affirm the screening judgment of the district court and issue this summary disposition in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2(A)(2), (5), and (6). Costs of this appeal are assessed to the appellant, Lawrence Alford.
AFFIRMED.
NOTES
[1] Lawrence Alford was charged with an aggravated sex offense in the rule violation report. Alford sought to have the rule violation report dismissed based on what he alleged was a conflict in the reporting employee's account of the incident and based on his contention that his conduct was not "aggravated," as implied by the charge. However, the "Disciplinary Rules and Procedures for Adult Offenders," in the section entitled "Sex Offenses, Aggravated," provides "[n]o offender shall deliberately expose the genital organs and/or masturbate in view of staff or non-incarcerated persons." LAC 22:I.363(Q)(5) (now LAC 22:I.363(V)(5) following the October 20, 2008 amendment of the "Disciplinary Rules and Procedures for Adult Offenders"). The offense with which Alford was charged falls under the cited provision.