CRAIN, J.
12Parrin Robinson, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“DPSC”), appeals the dismissal, without prejudice, of his petition for judicial review of Disciplinary Board Appeal number DCI-2013-140. In that disciplinary proceeding, Robinson was found guilty of violating Rule 30H (general prohibited behaviors), and received a sentence of custody change to maximum extended lockdown and thirty days room confinement. Robinson’s appeal of that decision was denied by DPSC upon finding that the disciplinary report was clear, concise, and provided convincing evidence of the offense charged. DPSC further found that the sanction imposed was appropriate.
Robinson’s petition for judicial review was referred to a Commissioner of the district court for screening pursuant to Louisiana Revised Statutes 15:1178 and 1188. The Commissioner issued a screening report recommending that Robinson’s suit be dismissed for failure to state a cause of action under Louisiana Revised Statute 15:1177(A)(9), because no substantial rights were involved. Following de novo review of the record, the district court adopted the Commissioner’s report as its reasons for judgment and dismissed Robinson’s suit, because it failed to state a cause of action.
After thorough review of the record and consideration of the arguments raised on appeal, we find no error in the judgment of *781 the district court. Courts may intervene and reverse and/or modify the decisions of DPSC only in cases where the petitioner’s substantial rights have been prejudiced. La. R.S. 15:1177(A)(9); see also La. R.S. 15:1178B and 1188A. It is well-settled that a change of custody status such as the one at issue here is not atypical or a significant hardship in relation to the ordinary incidents of prison life, and does not prejudice an inmate’s substantial rights. See Sandin v. Conner, 515 U.S. 472, 484-86, 115 S.Ct. 2293, 2300-01, 132 L.Ed.2d 418 (1995); Boudreaux v. Leblanc, 14-0214 (La.App. 1 Cir. 9/19/14), 2014 WL 4668358; Hall v. Louisiana Dept. of Public Safety and Corrections, 13-0053 (La.App. 1 Cir. 11/1/13), 2013 WL 5915223, writ denied, 13-2906 (La.9/12/14), 147 So.3d 180; Chavanel v. Prince, 12-1501 (La.App. 1 Cir. 3/25/13), 2013 WL 1196608; Boudreaux v. Cain, 12-0910 (La.App. 1 Cir. 2/15/13), 2013 WL 595794, writ denied, 13-0928 (La.10/11/13), 123 So.3d 1219; Parker v. LeBlanc, 02-0399 (La.App. 1 Cir. 2/14/03), 845 So.2d 445. Accordingly, Robinson does not state a cause of action for modification or reversal of DPSC’s decision.
Considering the foregoing, we affirm the judgment of the district court. This memorandum opinion is issued in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.1B. Costs of this appeal are assessed to Darrin Robinson.
AFFIRMED.