DRAKE, J.
12Petitioner, Tryonne Wells, an inmate in the custody of the Department of Public Safety and Corrections (DPSC) at Louisiana State Penitentiary (LSP) in Angola, Louisiana, was issued a disciplinary rule violation report for an aggravated sex offense in .violation of. Rule # 21(E) of the Disciplinary Rules and Procedures for Adult Inmates. Following a hearing before the prison disciplinary board on April 4, 2013, Wells pled guilty and was sentenced to a quarters change to Camp J. After exhausting his review before the DPSC, Wells filed a petition for judicial *352 review with the Nineteenth Judicial District-Court; it was assigned to'a commissioner for evaluation and-to make a recommendation to the district court judge.[1] In his report, the commissioner recommended that the district court dismiss Petitioner’s suit with prejudice, at Petitioner’s cost, pursuant to La. R.S. 15:1177(A)(9), 15:1178, and 15:1184-88 for failing to raise a substantial rights violation and'thus, for failing to state a cause of action or raise a cognizable claim.’' Thereafter, -the district court issued a judgment in conformity with the recommendation of the commissioner.
After a thorough review of the record, we find no error in .the analysis or conclusions of the .district court. .As recognized by the commissioner in his report, in order for the district court to reverse or modify the decision of the DPSC, Wells had to first show how his substantial rights were prejudiced by the decision. See La. R.S. -15:1-177(A)(9). The disciplinary sentence of a custody change to Camp J is not unusual or a significant hardship in relation to the ordinary incidents of prison life and did not prejudice Wells’s substantial rights. Thus, modification or |sreversal of the disciplinary’action-by the DPSC was not warranted under the law. See Parker v. LeBlanc, 2002-0899 (La.App. 1 Cir.2/14/03), 845 So.2d 445, 446 and Giles v. Cain, 99-1201 (La.App. 1 Cir.6/23/00), 762 So.2d 734, 739.
Therefore, we affirm the judgment of the district court and issue "this summary-disposition in accordance with Uniform Rules — Courts of Appeal, Rule2— 16.2(A)(2), (5), and (6). Costs' of this appeal are assessed to the appellant, Tyr-onne Wells.
AFFIRMED.

. The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. [1] Lá. R.S. 13:713(A). The district judge “may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.” La. R.S. 13:713(0(5); Abbott v. LeBlanc, 2012-1476 (La.App. 1 Cir. 3/25/13), 115 So.3d 504, 505 n. 1.