THERIOT, J.
|2The appellant, Jermaine Atkins, appeals the judgment of the Nineteenth Judicial District Court in favor of the Louisiana Department of Public Safety and Corrections (LDPSC). For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Atkins, an inmate in LDPSC’s custody, filed a petition for judicial review by the 19th JDC on July 16, 2015, In the petition, Mr. Atkins claimed he had exhausted his administrative remedy action and included his disciplinary board appeal number. He also claimed he never received a response on the appeal.[1]
On August 4, 2015, the district court determined that Mr. Atkins’s petition failed to show an exhaustion of his appeal remedy, and ordered him to show compliance within fifteen days of the issuance of the order by supplying the district court a final decision of the appeal. In a handwritten letter received by the district court on August 26, 2015, Mr. Atkins claimed that all his efforts to receive a final decision on his appeal had failed. The district court then issued a service order to LDPSC and requested that LDPSC file in response any final decision on the appeal.
LDPSC filed a motion to dismiss Mr. Atkins’s petition for failure to exhaust administrative remedies, claiming that Mr. Atkins received a final decision to his appeal on October 27, 2015, and that Mr. Atkins had appealed his complaint to the Secretary of LPDSC. LPDSC claimed that since that appeal was pending, Mr. Atkins had not exhausted hhy>_ administrative remedies. A receipt of Mr. Atkins’s request for second step review was attached to LDPSC’s motion.[2]
With the Secretary’s final decision pending, the district court held a video status conference between the parties on March *1276 17, 2016. At that conference, the district court granted LDPSC extra time to issue the Secretary’s final decision. The Secretary’s final decision was eventually issued, in which it upheld the disciplinary action against Mr. Atkins, except for reducing the loss of canteen privileges from 24 weeks to 12 weeks. The commissioner’s recommendation stated that Mr. Atkins failed to raise a violation of a substantial right, and that his appeal should be dismissed without prejudice.
Mr. Atkins filed a motion and order to traverse the commissioner’s report and recommendation, seeking judicial review of his sentence by the district court. The district court signed a screening judgment on August 10, 2016, dismissing Mr. Atkins’s appeal with prejudice for failing to raise a substantial right violation. Mr,, Atkins has appealed this judgment;
ASSIGNMENTS OF ERROR
Mr. Atkins’s pro se brief does npt contain any assignments of error; however, in his “issues presented” section, it is apparent that Mr. Atkins'contends that the district court erred in not finding that one of his substantial rights had been violated by the Secretary’s decision, and that his right to due process was violated when he was not allowed to confront his accusers in the disciplinary hearing.
DISCUSSION
A district court is only authorized to intervene in the administrative decisions of LDPSC if an inmate’s substantial rights have been violated. Brown v. Louisiana Department of Public Safety and Corrections, 2015-1958 (La.App. 1 Cir. 9/19/16) (unpublished), — So.3d -, -, 2016 WL 5210746, p. 3. In determining what an inmate’s 'substantial rights are, the United States Supreme Court has indicated that inmates do not have a constitutional right to any particular form of housing classification, job classification, or recreational hobby craft. Id.; See also Sandin v. Conner, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2299-2300, 132 L.Ed.2d 418 (1995). This Court has previously relied on Sandin to hold that a change in custody status from medium to maximum and a 30-day confinement did not equate to a deprivation of an inmate’s substantial rights. Parker v. LeBlanc, 2002-0399 (La.App. 1 Cir. 2/14/03), 845 So.2d 445, 446. As such, Mr: Atkins’s loss of canteen privileges, something less severe than a change in custody, would not equate to a deprivation óf his substantial rights. Therefore, we find that the district court did not err in determining that LDPSC did not violate Mr. Atkins’s substantial rights. Since Mr. Atkins has failed to show that his substantial rights were violated, he has no prejudiced liberty interest that would require due process protection. See Davies v. Stalder, 2000-0101 (La.App. 1 Cir. 6/23/00), 762 So.2d 1239, 1241. Any constitutional due process rights; such as the right to confrontation of accusers, would not have attached in the instant case.
DECREE
The judgment ,of the Nineteenth Judicial District Court dismissing Jermaine Atkins’s petition for judicial review without prejudice is affirmed. All costs of this appeal are assessed to the appellant, Jermaine Atkins.
AFFIRMED.

. The basis for the appeal is that Mr. Atkins claimed he was denied confrontation of his accuser in a disciplinary case against him, where he was charged with possessing contraband based- on reports made by confidential informants. Mr. Atkins specifically complains that a prison employee was not brought to the hearing to testify as to the reliability and credibility of the confidential informant reports.

. LDPSC acknowledged there was an unusually long delay in rendering a decision on the appeal.