MCCLENDON, J.
Petitioner, Michael Dorsey, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), appeals the district court's judgment dismissing his petition for judicial review. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Dorsey, who was found to have violated disciplinary rules regarding defiance and aggravated disobedience, was confined to isolated detention for ten days and lost phone privileges for four weeks.
Mr. Dorsey sought review of the disciplinary action under the Louisiana Corrections Administrative Remedy Procedure Act (CARP), LSA-R.S. 15:1171 et seq. Mr. Dorsey was denied relief at both the first and second steps of the procedure.
Thereafter, Mr. Dorsey filed a Petition for Judicial Review with the 19th Judicial District Court. In accordance with LSA-R.S. 15:1178, Mr. Dorsey's petition was screened by a commissioner.[1] The commissioner *927 recommended that the district court dismiss Mr. Dorsey's petition because it failed to raise a "substantial right" violation. Subsequently, the district court, adopting the recommendation of the commissioner, dismissed Mr. Dorsey's petition.
Mr. Dorsey has appealed and seeks review of the district court's judgment.
DISCUSSION
Under CARP, an inmate aggrieved by a disciplinary decision by the DPSC may seek judicial review of that decision pursuant to LSA-R.S. 15:1177. According to Section 1177(A)(9), the court can reverse or modify the DPSC's decision only "if substantial rights of the appellant have been prejudiced." Plaisance v. Louisiana State Penitentiary, 10-1249 (La.App. 1 Cir. 2/11/11), 57 So.3d 593, 594-95. A substantial right has been defined as a liberty interest that is protected by the Due Process Clause. Giles v. Cain, 99-1201 (La.App. 1 Cir. 6/23/00), 762 So.2d 734, 738-39.
Under LSA-R.S. 15:1177(A)(9), the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary, capricious or characterized by an abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9) ; Lightfoot v. Stalder, 00-1120 (La.App. 1 Cir. 6/22/01), 808 So.2d 710, 715-16, writ denied, 01-2295 (La. 8/30/02), 823 So.2d 957.
Following a conviction, the State may confine a criminal defendant and subject him to the rules of its prison system so long as the confinement conditions do not otherwise violate the Constitution. Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. See Meachum, 427 U.S. at 226-27, 96 S.Ct. 2532 (transfer from medium-security facility to maximum-security facility did not invoke Due Process Clause). Rather, liberty interests protected by the Due Process Clause are generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995) and Ray v. Leblanc, 13-0017 (La.App. 1 Cir. 9/13/13), 2013 WL 11253307 at *2 (unpublished opinion).
Further, Louisiana courts are to give great deference to prison administrators in the promulgation and enforcement of disciplinary measures. Only in extreme cases will courts interfere with the administration of prison regulations. Victorian v. Stalder, 99-2260 (La.App. 1 Cir. 7/14/00), 770 So.2d 382, 390-91.
Considering the foregoing, we find that the district court did not err in concluding that Mr. Dorsey's substantial rights were not prejudiced. Ten days of disciplinary isolated detention and loss of phone privileges for four weeks does not impose atypical and significant hardship in relation to the ordinary incidents of prison life. See *928 Sandin, 515 U.S. at 486, 115 S.Ct. 2293 (where segregated confinement did not present the type of atypical, significant deprivation creating a liberty interest). These penalties do not involve a "liberty interest" or other protected due process right, and therefore do not involve a "substantial right." See Davies v. Stalder, 00-0101 (La.App. 1 Cir. 6/23/00), 762 So.2d 1239, 1241.
CONCLUSION
For the foregoing reasons, the judgment of the district court dismissing Mr. Dorsey's petition for judicial review without prejudice is affirmed. All costs of the appeal are assessed against plaintiff-appellant, Michael Dorsey.
AFFIRMED.

The office of commissioner of the 19th JDC was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. LSA-R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(C)(5). See Martinez v. Tanner, 11-0692 (La.App. 1 Cir. 11/9/11), 79 So.3d 1082, 1084 n. 3, writ denied, 11-2732 (La. 7/27/12), 93 So.3d 597.