NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 CA 0696

WILLIE DILLON

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment rendered___ **FEB 2 4 2021**___

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C687125, Sec. 21

The Honorable Janice Clark, Judge Presiding

* * * * *

Willie Dillon                                    In proper person
David Wade Correctional Center
Homer, Louisiana


Jonathan Vining                                  Attorney for Defendant/Appellee
Baton Rouge, Louisiana                           Louisiana Department of Public
                                                 Safety and Corrections


* * * * *

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**HOLDRIDGE, J.**

Petitioner, Willie Dillon, an inmate in the custody of the Department of Public Safety and Corrections (the Department), appeals a judgment of the district court dismissing his petition for judicial review of a disciplinary decision for his failure to state a cause of action for which relief could be granted. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 26, 2019, while incarcerated at David Wade Correctional Center, Dillon was charged with violating Rule #17 (Property Destruction). According to the disciplinary report, Sgt. Johnathan Wood stated that, while feeding the inmates on the N2D tier, he observed Dillon kicking the door of his cell repeatedly with force. He gave Dillon a direct verbal order to stop kicking the door and Dillon complied. Wood notified Lt. Pletsch.

A Disciplinary Board hearing was held on June 28, 2019. Dillon was found guilty of property destruction, and his custody was changed to extended lockdown.

After exhausting his administrative remedies, Dillon filed a petition for judicial review in the Nineteenth Judicial District Court on August 26, 2019, pursuant to La. R.S. 15:1177.[1] The Department filed a peremptory exception raising the objection of no cause of action, contending that because Dillon's complaint did not involve prejudice to his substantial rights, Dillon stated no cause of action.[2] The matter was then referred to a commissioner for review pursuant to

---

[1] Dillon's appeal of the Disciplinary Board decision (DWCC-2019-105) to the Deputy Warden was received on July 2, 2019, and the Deputy Warden denied this appeal on July 9, 2019. Dillon then appealed to the Secretary of the Department, who denied the appeal on July 30, 2019.

[2] Dillon complained in the district court that in its exception the Department incorrectly alleged that his penalty for the disciplinary violation was removal from the work release program. However, the Department also alleged that upon being found guilty of the disciplinary violation, Dillon was sentenced to a custody change. The memorandum in support of the exception only refers to a custody change. Therefore, the Department's misstatement merely appears to be a typographical error that is of no relevance.

2

La. R.S. 13:713. The commissioner issued a recommendation that the Department's exception be granted because Dillon's claim failed to set forth a "substantial right" violation that would authorize the court to intervene and reverse the Department's decision. The commissioner recommended that Dillon's appeal be dismissed, with prejudice. Dillon filed a traversal of that recommendation. On November 27, 2019, the district court signed a judgment granting the peremptory exception raising the objection of no cause of action and dismissing, with prejudice, Dillon's petition for judicial review. This appeal by Dillon followed.

**DISCUSSION**

Under the Louisiana Corrections Administrative Remedy Procedure Act, La. R.S. 15:1171 *et. seq.*, a reviewing court may reverse or modify an agency decision "only if substantial rights of the appellant have been prejudiced" because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. See La. R.S. 15:1177(A)(9). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. **Sandin v. Conner**, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. **Id.** Thus, for Dillon's petition to state a cognizable claim for judicial review of a disciplinary matter, the petition must allege facts demonstrating that the agency's decision prejudiced his "substantial

3

rights." See **Wilson v. Leblanc**, 2019-1358 (La. App. 1 Cir. 5/11/20), 303 So.3d 678, 679.

On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to the factual findings or legal conclusions of the court of appeal. **Grimes v Department of Public Safety and Corrections**, 2020-0089 (La. App. 1 Cir. 11/12/20), ___ So.3d ___, ___.

In the instant case, the commissioner concluded as follows:

> In this case, the penalty imposed was a custody change to maximum lockdown. The Petitioner was afforded a hearing and an appeal of the ruling to both the Warden and the Secretary. Considering the nature of the penalty, and the fact that it does not affect the length of the Petitioner's sentence or present any other drastic departure from expected prison life, the Petitioner fails to set forth a substantial right violation which would authorize this Court to intervene and reverse the Agency's decision. Consequently, this Court has no authority to review the claims raised based on the allegations made or to cause prison officials to expunge Petitioner's prison record. This suit must be dismissed because it is without a basis in law or fact.

(Footnote omitted.)

As noted by the commissioner, the disciplinary proceedings in this case resulted in extended lockdown, an authorized penalty for the violation.[3] It is well settled that a change of custody status is not atypical nor a significant hardship in relation to the ordinary incidents of prison life, and does not prejudice an inmate's substantial rights. See **Sandin**, 515 U.S. at 486, 115 S.Ct. at 2301; **Johnson v. Department of Public Safety & Corrections**, 2020-0485 (La. App 1 Cir.

---

[3] Extended lockdown is authorized as a penalty for property destruction under Rule #17. See 22 La. Administrative Code Pt. 1, Sec. 341(K).

4

12/30/20), ___ So.3d ___, ___.[4] Therefore, modification or reversal of the disciplinary action was not warranted under the law.

Accordingly, after a thorough *de novo* review of the record, we conclude that the district court properly adopted the commissioner's recommendation to grant the Department's peremptory exception raising the objection of no cause of action and dismiss Dillon's petition for judicial review with prejudice because the penalty of extended lockdown did not affect Dillon's substantial rights pursuant to La. R.S 15:1177(A)(9).[5] The judgment of the district court is hereby affirmed. We issue this summary opinion in accordance with Uniform Rules-Louisiana Courts of Appeal, Rule 2-16.2A(2), (4), (5), and (10). No costs are assessed in this pauper suit.

---

[4] This court affirmed the district court's findings of lack of a substantial right in changing custody to extended lockdown in the following cases. See **Grimes v Department of Public Safety and Corrections**, 2020-0089 (La. App. 1 Cir. 11/12/20), ___ So.3d ___, ___; **Richard v. Department of Public Safety and Corrections**, 2020-0047 (La. App. 1 Cir. 11/6/20), 2020 WL 6536840, at *2 (unpublished); **Dorsey v. Louisiana Department of Public Safety and Corrections**, 2018-0416 (La. App. 1 Cir. 9/24/18), 259 So.3d 369, 371; **Allen v. Louisiana Department of Correction**, 2014-1747 (La. App. 1 Cir. 6/5/15), 2015 WL 3547962, at *1 (unpublished), writ denied, 2015-1316 (La. 6/17/16), 192 So.3d 776; **Robinson v. Rader**, 2014-0333 (La. App. 1 Cir. 11/20/14), 167 So.3d 780, 781; **Jeanlouis v. Louisiana Department of Public Safety and Corrections**, 2013-0023 (La. App. 1 Cir. 12/27/13), 2013 WL 7122541, at *1 (unpublished), writ denied, 2014-0404 (La. 10/24/14), 151 So.3d 597; **Morrison v. Cain**, 2012-1160 (La. App. 1 Cir. 2/15/13), 2013 WL 595627, at *1 (unpublished); **Boudreaux v. Cain**, 2012-0910 (La. App. 1 Cir. 2/15/13), 2013 WL 595794, at *1 (unpublished), writ denied, 2013-0928 (La. 10/11/13), 123 So.3d 1219; **Chavanel v. Louisiana Department of Public Safety & Corrections**, 2012-0194 (La. App. 1 Cir. 9/21/12), 2012 WL 4335437, at *1 (unpublished); **Williams v. Department of Public Safety and Corrections**, 2010-2301 (La. App. 1 Cir. 6/10/11), 2011 WL 2981196, at *1 (unpublished); **Carter v. Leblanc**, 2009-1259 (La. App. 1 Cir. 2/12/10), 2010 WL 503018, at *2 (unpublished); **Kelly v. Cain**, 2008-0461 (La. App. 1 Cir. 9/23/08), 2008 WL 4332536, at *2 (unpublished); **Giles v. Cain**, 99-1201 (La. App. 6/23/00), 762 So.2d 734, 739; **Lay v. Porey**, 97-2903 (La. App. 1 Cir. 12/28/98), 727 So.2d 592, 594, writ denied, 99-2720 (La. 3/31/00), 758 So.2d 812.

[5] We find the commissioner's recommendation provides a correct analysis of the substantial rights aspect of Dillon's claim and that the commissioner did not err in recommending that Dillon's action be dismissed. However, because the commissioner found that Dillon did not raise a substantial right violation, we disagree with the commissioner's consideration of the issue of whether the Department's decision was arbitrary, capricious, manifestly erroneous, or in violation of Dillon's statutory or constitutional rights.

5

## CONCLUSION

For the above and foregoing reasons, we affirm the district court's November 27, 2019 judgment dismissing Dillon's petition for judicial review with prejudice. No costs are assessed in this pauper suit.

**AFFIRMED.**