NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0083

PERRY POOLER #187389

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:* SEP 1 5 2023

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C720644

The Honorable William Jorden, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Perry Pooler #187389<br>St. Gabriel, Louisiana | Appellant<br>Pro Se |
| Elizabeth B. Desselle<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

Perry Pooler, an inmate incarcerated within the Louisiana Department of Public Safety and Corrections ("DPSC"), appeals a district court judgment dismissing his petition for judicial review with prejudice for failure to state a cause of action. For the reasons set forth herein, we affirm in part, modify, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Pooler initiated the two-step administrative remedy procedure ("ARP") on October 21, 2021. Pooler's ARP No. LSP-2021-2711 alleged that his civil rights were violated on August 3, 2021, when a nurse ("Ms. Betty") in the treatment center interfered with his examination by a doctor, preventing him from receiving medical treatment in violation of the Eighth Amendment. Pooler alleged that while he was in the treatment center for "insulin call-out," he spoke to a doctor about his concerns with his blood pressure, and the doctor told him that he would check his blood pressure to see if it was high. Pooler claimed that Ms. Betty approached and interrupted his conversation with the doctor, hit him on the shoulder "very hard with open hands," cursed at him, and threatened him in order to make him leave the treatment center without receiving the evaluation and treatment he sought. In addition to being denied medical treatment on that date, Pooler claimed that he was "embarrassed, humiliated[,] and disrespected." Additionally, Pooler complained that security allowed "quarantine inmates" to come to the treatment center to get insulin, putting others at risk. Pooler requested that Ms. Betty be terminated and/or ordered to stop interrupting or interfering with medical treatment, that he not be retaliated against for filing a grievance, and that "quarantine inmates" be kept in quarantine.

2

Pooler's ARP No. LSP-2021-2711 was rejected as untimely during the Grievance Screening process[1] on the grounds that more than ninety days had elapsed since the incident before his ARP was filed.[2] The rejection of Pooler's ARP as untimely appears to have been in error, since it was filed on October 21, 2021 in reference to an August 3, 2021 incident. His ARP No. LSP-2021-2711 was subsequently accepted on November 24, 2021, and Pooler was notified that a response would be issued within 40 days.[3]

A First Step Response was issued on March 9, 2022, informing Pooler that his request for administrative remedy was being granted in part, i.e., Pooler's request that there be no retaliation against him for filing an ARP was granted. Regarding Pooler's complaint that he was prevented from receiving medical treatment by Ms. Betty, the response explained the available options for an inmate to seek medical treatment (scheduled appointment, self-declared emergency, or sick call) and noted that Pooler did not exercise these options on August 3, 2021. Pooler was also informed that his request that Ms. Betty be terminated could not be granted at that level and that his complaints about security allowing quarantine inmates to come to the treatment center should be addressed through the Security Department.

---

[1] Pursuant to LAC 22:I.325(I)(1), the ARP screening officer screens all requests for administrative remedy prior to assignment to the First Step and provides notice to the inmate that his request is either being accepted and will be processed or being rejected and will not be processed until the noted deficiency is corrected.

[2] An ARP must be initiated within a 90-day period after an incident has occurred, although this requirement may be waived by the warden if circumstances warrant. LAC 22:I.325(G)(1). Unless waived by the warden, if there has been a lapse of more than 90 days between the event and the initial request for administrative remedy, the ARP may be rejected. LAC 22:I.325(I)(1)(c)(i)(i).

[3] Following the rejection of his ARP No. LSP-2021-2711 as untimely, Pooler filed a new request for administrative remedy procedure, complaining about the rejection of ARP No. LSP-2021-2711, as well as an earlier ARP regarding lost property (no ARP number given), as untimely. Pooler alleged that the screening officer, Nyesha Davis, rejected his timely ARPs in retaliation for a grievance he filed against her. Pooler maintained that his ARP No. LSP-2021-2711 was timely. He requested that his ARP No. LSP-2021-2711 be accepted as timely, that Ms. Davis be removed from office or terminated, that there be no retaliation against him, and that he be notified about what happened to the previous ARP (no ARP number given) that he filed against Ms. Davis. The resolution of this request for an ARP is not clear from the record before us.

3

Pooler indicated his dissatisfaction with the First Step Response and elected to proceed to the Second Step on March 15, 2022. In his request to proceed to the Second Step, Pooler disputed the assertion that he did not follow the proper procedures to seek medical treatment. He asserted that he had sought treatment via sick call and "emergency sick call" for years for high blood pressure and various other medical issues, and that he asked for "emergency sick call" on August 3, 2021, but no one heard him. He also attempted to add a new request for relief (compensation for mental and physical pain and suffering) in his request to proceed to the Second Step.

On June 28, 2022, having received no Second Step Response, Pooler filed a petition for judicial review of ARP No. LSP-2021-2711 in accordance with La. R.S. 15:1177 in the Nineteenth Judicial District Court. On the form provided for an inmate to file a Petition for Judicial Review, in the space provided for the inmate to state why he believes that DPSC's final decision on his ARP was incorrect, Pooler wrote: "Simple [Assault] and Cruel and Unusual Punishment[,] Deliberate Indifference." Under "Relief," Pooler requested that Ms. Betty be terminated, payment for his pain and suffering, and "[a]ll the [Relief] in A.R.P."

An order was issued by the Commissioner[4] of the Nineteenth Judicial District Court on July 1, 2022, directing Pooler to provide written proof that he had exhausted his administrative remedies with respect to ARP No. LSP-2021-2711 prior to filing suit and informing him that service of his petition would be withheld until he provided such proof and his suit would be dismissed at his cost if proof was not provided within 15 days. Pooler responded to the Commissioner's order, stating that DPSC had not issued a Second Step Response to his ARP, although his request

---

[4] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Allen v. Louisiana Department of Public Safety & Corrections*, 2020-0445, p. 3, n.2 (La.App. 1 Cir. 2/19/21), 320 So.3d 1175, 1176 n.2.

4

to proceed to the Second Step had been submitted on March 15, 2022. Since more than three months had passed since his request to proceed to the Second Step, Pooler requested that the district court deem his administrative remedies exhausted and order DPSC to issue a response to ARP No. LSP-2021-2711. On July 18, 2022, the Commissioner issued a service order for DPSC to be served with Pooler's petition.

On July 29, 2022, DPSC issued a Second Step Response Form for ARP No. LSP-2021-2711, denying Pooler's request for relief. The response notes that Pooler was in the treatment center for an insulin injection, and if he needed evaluation or treatment for other medical issues, he should have followed the correct procedure for sick call. The response states that a written statement prepared by Ms. Betty denies Pooler's allegations that she pushed him out of the treatment center and denied him treatment. The response further states that Pooler failed to provide any evidence to substantiate his allegations and concluded that there is no reason to doubt Ms. Betty's credibility.

DPSC answered the Petition for Judicial Review on August 24, 2022, denying Pooler's allegations and asserting that Pooler received proper medical treatment. DPSC filed the administrative record for ARP No. LSP-2021-2711 with its answer, including the Second Step Response Form issued after Pooler's petition for judicial review was filed.

Following a remand for supplementation of the district court record with a copy of Louisiana State Penitentiary Directive No. 13.061 regarding Access to Sick Call and Clinical Services, the Commissioner issued a report recommending that Pooler's petition be dismissed with prejudice at his cost for failure to state a cause of action. The Commissioner noted that the administrative record does not support a finding that DPSC's decision on ARP No. LSP-2021-2711 was arbitrary, capricious, manifestly erroneous, or in violation of Pooler's rights. Pooler filed a traversal of the Commissioner's report, asking the district court to obtain his medical

5

records to "see what happen to me because I didn't get the right medical treatment that I been asking for year." He also asked the district court to consider two affidavits executed by witnesses to the incident with Ms. Betty that he included with the traversal. Thereafter, the district court signed a judgment on December 8, 2022, dismissing Pooler's petition for judicial review with prejudice for failure to state a cause of action. This appeal by Pooler followed.

On appeal, Pooler argues that the district court erred in dismissing his Petition for Judicial Review for failure to state a cause of action without first allowing him an opportunity to amend his petition to state a cause of action.

## DISCUSSION

The Corrections Administrative Remedy Procedure ("CARP"), set forth in La. R.S. 15:1171-1179, authorized DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171-72. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. *Crooker v. Dillon*, 2021-1431, p. 3 (La.App. 1 Cir. 6/22/22), 343 So.3d 799, 802. A party aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. On review of the agency's decision, the district court functions as an appellate court. Its review is confined to the record and limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The district court may affirm the decision of the agency, remand the case for further proceedings, or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The district court may only reverse or modify the administrative decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of

6

constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); *Grimes v. Louisiana Department of Public Safety & Corrections*, 2020-0089, pp. 4-5 (La.App. 1 Cir. 11/12/20), 316 So.3d 35, 37-38.

Initially, we note that Pooler's petition for judicial review requests monetary compensation for his pain and suffering. It is not clear whether Pooler is seeking monetary damages for pain and suffering as a result of the alleged denial of medical treatment or his claim that Ms. Betty cursed at him and pushed him. In either event, Pooler's claims are delictual actions for damages. Although claims by an inmate for monetary relief are subject to the CARP and require exhaustion of all available administrative remedies prior to suit being filed, the judicial review procedure does not apply to any delictual actions for injury or damages after administrative remedies are exhausted. Tort claims must be filed separately as original civil actions, not as petitions for judicial review, and the exclusive venue for the inmate's ordinary tort suit is the parish where the prison was located as of the time the cause of action arose. *Scott v. Louisiana Department of Public Safety & Corrections*, 2022-1103, pp. 3-5 (La.App. 1 Cir. 4/14/23), 364 So.3d 1155, 1157; La. R.S. 15:1177(C); La. R.S. 15:1184(F). Thus, Pooler's claims for monetary compensation for his pain and suffering must be brought as an ordinary civil suit in the parish where the prison is situated.[5] See *Scott*, 2022-1103 at p. 4, 364 So.3d at 1157; La. R.S. 15:1177(C); La. R.S. 15:1184(F). Therefore, the district court did not err in dismissing Pooler's tort claims raised in his petition for judicial review, although the dismissal of these

---

[5] It is unclear from the record before us whether Pooler exhausted his administrative remedies with regard to any tort claims, since he first requested monetary compensation for his pain and suffering in his request to proceed to the Second Step in ARP No. LSP-2021-2711.

claims should have been without prejudice. See La. R.S. 15:1184(B); see also *Warren v. Louisiana Department of Public Safety & Corrections*, 2020-0247, pp. 2-3 (La.App. 1 Cir. 2/19/21), 320 So.3d 453, 454-55.

Regarding the remaining, non-delictual claims in Pooler's petition for judicial review and ARP No. LSP-2021-2711, we note that the trial court did not provide any explanation for its finding that Pooler's petition for judicial review failed to state a cause of action for which relief could be granted. Although the trial court judgment adopted the Commissioner's recommendation, the Commissioner's report only states that the "record does not support a finding that the Department was arbitrary, capricious, manifestly erroneous[,] or in violation of Petitioner's rights when it found the evidence in the record insufficient to warrant relief to Petitioner," before recommending that the petition be dismissed for failure to state a cause of action. In order to state a cause of action, an inmate's petition for judicial review of an administrative decision must allege that the inmate's substantial rights have been prejudiced. See *Robinson v. Rader*, 2014-0333, pp. 2-3 (La.App. 1 Cir. 11/20/14), 167 So.3d 780, 780-81; La. R.S. 15:1177(A)(9). Although Pooler's petition for judicial review is inartfully drafted, his ARP No. LSP-2021-2711 concerns the denial of a substantial right, i.e., access to medical treatment. See *Bedingfield ex rel. Bedingfield v. Deen*, 487 F. App'x 219, 227 (5th Cir. 2012) (Inmates have a constitutional right to adequate medical care); see also *Thomas v. Louisiana Department of Public Safety & Corrections*, 2020-0833, p. 4 (La.App. 1 Cir. 2/22/21), 2021 WL671515, *2 (unpublished), *writ denied*, 2021-00456 (La. 6/8/21), 317 So.3d 327 (Prison authorities owe a duty to provide inmates with reasonable medical care). Pooler alleged that he was denied access to medical treatment by Ms. Betty, who interrupted his evaluation and treatment and pushed him out of the treatment center despite his attempt to request emergency sick call in accordance with the policy, and requested that Ms. Betty be terminated or ordered not to interfere

8

with his medical evaluation and treatment. The district court erred in dismissing his petition for judicial review for failure to state a cause of action, and Pooler is entitled to judicial review of the denial in accordance with the provisions of La. R.S. 15:1177.

## CONCLUSION

For the reasons set forth herein, the judgment dismissing Pooler's petition for judicial review is affirmed to the extent it dismisses Pooler's delictual claims for monetary relief; however, the judgment is modified to provide that the dismissal of these claims is without prejudice. The dismissal of the remaining claims in Pooler's petition for judicial review is reversed, and the matter is remanded for judicial review. Costs of this appeal, in the amount of $833.00, are assessed to the Louisiana Department of Public Safety and Corrections.

**JUDGMENT AFFIRMED IN PART; MODIFIED; REVERSED IN PART; AND REMANDED FOR JUDICIAL REVIEW.**