WHIPPLE, C.J.
|2In this appeal, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“DPSC”) appeals the district court’s judgment dismissing his petition for judicial review of the final agency decision rendered in a disciplinary matter on the grounds that he failed to raise a “substantial right” violation and, thus, failed to state a cause of action. For the following reasons, we affirm.
*1273 FACTS AND PROCEDURAL HISTORY
On August 19, 2015, Montraygo Drake, an inmate in the custody of the DPSC, was issued a disciplinary report for violating the Disciplinary Rules and Procedures for Adult Inmates.[1] Specifically, he was charged with violating Rule 17 (Property Destruction), for having “a double mattress double ‘stitched.’ ”[2] Following a hearing, the Disciplinary Board found him guilty and sentenced him to four weeks loss of canteen privileges and restitution for damage to the mattress in the amount of $39.75. He appealed the decision to the warden and the Secretary of the DPSC, and his appeal was denied at both steps.
Drake then filed a petition for judicial review in the district court below, complaining about the procedures utilized in the disciplinary proceeding and contending that his due process rights were violated. In a Screening Report issued pursuant to LSA-R.S. 15:1178(B), 15:1184(B) and 15:1188(A), the commissioner concluded that Drake had failed to state a cause of action or cognizable claim because, in light of the penalties imposed and considering that plaintiff was afforded a hearing and a two-step appeal process, this disciplinary matter does not involve a violation of a “substantial right.” Thus, the commissioner recommended that Drake’s petition for judicial review be dismissed without prejudice and | ^without service on the DPSC for failure to raise a “substantial right” violation and, thus, failing to state a cause of action.
In accordance with the commissioner’s Screening Report, the district court rendered judgment dismissing Drake’s petition without prejudice and without service on the DPSC, for failure to raise a substantial right violation and, thus, for failing to state a cognizable claim or cause of action. From this judgment, Drake appeals.
DISCUSSION
Pursuant to LSA-R.S. 15:1177(A)(9), a district court may modify or reverse a decision of the DPSC in a prison disciplinary action “only if substantial rights of the appellant have been prejudiced” because the DPSC’s findings or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by abuse of discretion; or (6) manifestly erroneous in view of , the reliable, probative, and substantial evidence on the whole record. (Emphasis added).
The notion that the procedural protections of the Due Process Clause are triggered by any substantial deprivation imposed by prison authorities has been soundly rejected. See Meachum v. Fano, 427 U.S. 215, 224-225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. Sandin v. Conner, 515 U.S. 472, 485, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). Thus, in order for Drake’s petition to state a cognizable claim for judicial review of a disciplinary matter, it must allege Lfacts demonstrating that his “substantial rights” were prejudiced by the agency’s decision. Giles v. Cain, 99-1201 *1274 (La.App. 1st Cir. 6/23/00), 762 So.2d 734, 738.
In the instant case, Drake failed to set forth facts demonstrating that his “substantial rights” were prejudiced on the basis that prison officials violated his right to due process, abused their discretion, exceeded their authority, or committed any other error in finding him guilty of property destruction and imposing loss of canteen privileges and restitution, The disciplinary sentence of four weeks loss of canteen privileges and restitution in the amount of $39.75 are not unusual or a significant hardship in relation to the ordinary incidents of prison life and did not prejudice plaintiffs substantial rights. See Black v. Louisiana Department of Public Safety and Corrections, 2015-1908, 2016 WL 3132157 (La. App. 1st Cir. 6/3/16) (unpublished) (custody change and restitution of $8.00); Hall v. Louisiana Department of Public Safety and Corrections, 2013-0053, 2013 WL 5915223 (La. App. 1st Cir. 11/1/13) (unpublished), writ denied, 2013-2906 (La. 9/12/14), 147 So.3d 180 (custody change and restitution of $25.00); Boatner v. Louisiana Department of Public Safety & Corrections, 2012-0973, 2013 WL 593989 (La. App. 1st Cir. 2/15/13) (unpublished) (custody change and restitution of $13.00) but see Anderson v. LeBlanc, 2011-1800, 2012 WL 1550529 (La. App. 1st Cir. 5/2/12) (unpublished) (imposition of restitution in the amount of $1,217.50 affected inmate’s substantial rights). As such, Drake has failed to state a cognizable claim or cause of action.
CONCLUSION
For the above and foregoing reasons, the June 1, 2016 screening judgment, dismissing, without prejudice and without service, Drake’s petition for judicial review, is hereby affirmed. Costs of this appeal are assessed against Montraygo Drake.
AFFIRMED.

. These rules are compiled in the Louisiana Administrative Code, Title 22, Part I, Chapter 3, Subchapter B. See LAC 22:1.341.

. LAC 22:1.341(1).