<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0047

LLOYD RICHARD

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:* **NOV 0 6 2020**

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. C677066

The Honorable Todd Hernandez, Judge Presiding

********

| | |
|---|---|
| Lloyd Richard<br>Louisiana State Penitentiary<br>Angola, Louisiana | Appellant/Plaintiff<br>Lloyd Richard In Proper Person |
| Heather Hood<br>Baton Rouge, Louisiana | Counsel for Appellee/Defendant<br>Louisiana Department of Public<br>Safety and Corrections |

********

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**LANIER, J.**

In this appeal, the plaintiff, Lloyd Richard, challenges the judicial review by the 19th Judicial District Court of the disciplinary action taken against him by the defendant, the Louisiana Department of Public Safety and Corrections (LDPSC). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 16, 2018, Sergeant Kentricia Ware, an employee of LDPSC working at Louisiana State Penetentiary (LSP), reported that Mr. Richard, an LSP inmate, attacked her, first verbally and then physically. Sgt. Ware stated that she gave Mr. Richard several verbal orders to "get back," but Mr. Richard did not relent and continued to throw punches at Sgt. Ware. Sgt. Ware reported she activated her beeper to summon assistance. She stated that a "Captain James" and Captain Gary Aymond arrived on the scene. In his own report, Capt. Aymond stated that upon arriving on the scene of the incident, he was informed that Mr. Richard approached Sgt. Ware in an aggressive manner, swinging at her with a closed fist. Capt. Aymond had Mr. Richard restrained and escorted away from the scene without further incident.

Mr. Richard was found guilty of violating prison rules against defiance and aggravated disobedience and was sanctioned by a custody change to maximum security with extended lockdown. Mr. Richard appealed LSP's disciplinary action to the Disciplinary Board of LDPSC (the Board). Mr. Richard alleged that prison officials conspired against him to falsify the report, that the disciplinary proceedings were fraudulent, and that the prison officials committed malfeasance.

The Board rendered a decision on June 12, 2018. The Board found the disciplinary report to be clear, concise, and convincing of the charged offenses. The Board further found that Mr. Richard failed to provide any evidence to support

his claims or refute the charges against him. Lastly, the Board stated it afforded Mr. Richard a full hearing with due process, and that it had ruled on all motions that had been presented before it. The Board therefore affirmed the disciplinary action.

On December 7, 2018, Mr. Richard filed a petition for judicial review with the 19th JDC. He alleged that he had exhausted all his other administrative remedies and, in his attached statement, reiterated that prison officials conspired against him and falsified his disciplinary report.

On January 29, 2019, the Commissioner of the 19th JDC[1] issued a recommendation to the district court. In that recommendation, the Commissioner stated that the penalty imposed on Mr. Richard—custody change to maximum with extended lockdown—did not constitute a violation of a substantial right, which prevented the district court from modifying the decision of LDPSC. The Commissioner concluded with stating that the district court had no authority to review Mr. Richard's claims and recommended that his claims be dismissed.

The district court followed the Commissioner's recommendation and on March 27, 2019, dismissed Mr. Richard's petition with prejudice for failure to state a cause of action for which relief could be granted. It is from this judgment that Mr. Richard appeals.[2]

## DISCUSSION

---

[1] The office of the commissioner of the 19th Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions." La. R.S. 13:713(C)(5).

[2] On May 15, 2019, Mr. Richard filed a motion for leave for expedited order for extension to file appeal. A signed order granting or denying the motion does not appear in the record; however, Mr. Richard applied for a supervisory writ to this court on May 28, 2019, and on September 17, 2019, we granted the writ and remanded to the district court, instructing to grant Mr. Richard an appeal. The district court granted the appeal on November 25, 2019.

Pursuant to La. R.S. 15:1177(A)(9), a district court may modify or reverse a decision of LDPSC in a prison disciplinary action "only if substantial rights of the appellant have been prejudiced" because LDPSC's findings or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *Drake v. Louisiana Department of Public Safety and Corrections*, 2016-1356 (La. App. 1 Cir. 6/2/17), 222 So.3d 1272, 1273. A substantial right is analogous to a due process right, in that it is limited to one in which the petitioner has a "liberty interest," i.e. a right to or a right to be free from. *Wallace v. Louisiana Department of Public Safety & Corrections*, 2017-0287 (La. App. 1 Cir. 9/28/17), 232 So.3d 663, 665-66, writ denied, 2018-0047 (La. 1/8/19), 260 So.3d 588, cert. denied, 139 S.Ct. 2661, 204 L.Ed.2d 290 (2019).

In the instant case, Mr. Richard failed to set forth facts demonstrating that his "substantial rights" were prejudiced on the basis that prison officials violated his right to due process, abused their discretion, exceeded their authority, or committed any other error in finding him guilty of defiance and aggravated disobedience. The disciplinary sentence of changing his custody to maximum with extended lockdown is not unusual or a significant hardship in relation to the ordinary incidents of prison life and did not prejudice Mr. Richard's substantial rights. See *Drake* at 1274. The record indicates that Mr. Richard was provided a hearing, given an opportunity to present evidence, and given an opportunity to confront his accusers. The disciplinary action did not modify the length of Mr. Richard's sentence in any way. The district court was correct in its conclusion that Mr. Richard's substantial rights were not violated, and that LDPSC's decision was not arbitrary, capricious, or manifestly erroneous.

4

## DECREE

The judgment of the 19th Judicial District Court, dismissing the petition for judicial review of the plaintiff, Lloyd Richard, with prejudice, is affirmed. All costs of this appeal are assessed to Mr. Richard.

**AFFIRMED.**