STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0818

DONOVAN TAPLETTE

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

Judgment Rendered: **FEB 2 2 2021**

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C675377

Honorable Wilson Fields, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Donovan Taplette                           Plaintiff/Appellant, pro se
Louisiana State Penitentiary
Angola, LA

Jonathan Vining                            Counsel for Defendant/Appellee,
Baton Rouge, LA                            Louisiana Department of Public
                                           Safety and Corrections

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE:  WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by plaintiff, Donovan Taplette, an inmate in the custody of the Department of Public Safety and Corrections (DPSC), from a judgment of the district court dismissing his petition for judicial review with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 26, 2018, Taplette, an inmate in the custody of DPSC and housed at the Louisiana State Penitentiary, was issued a disciplinary report for violating Rule 1 (Contraband), Rule 3 (Defiance), and Rule 5 (Aggravated Disobedience) of the Disciplinary Rules and Procedures for Adult Offenders (Disciplinary Rule).[1] According to the disciplinary report, Taplette resisted a "shakedown" of his person after receiving several direct verbal orders to comply. Taplette continued to resist by walking toward his cell, forcing the commanding officer to exert necessary force to restrain Taplette in order to conduct the search. Thereafter, a cellular phone was found in Taplette's back pants pocket.

Following a hearing, the Disciplinary Board found Taplette guilty of all three rule violations and imposed the following sanctions: (1) forfeiture of 90 days good time and loss of 12 weeks yard privileges for violation of Rule 1; (2) loss of 12 weeks telephone privileges and loss of 12 weeks canteen privileges for violation of Rule 3; and (3) forfeiture of 90 days good time and loss of 12 weeks yard privileges for violation of Rule 5. Taplette appealed the decision to the warden and the Secretary of the DPSC, both of whom denied his appeal.

On October 25, 2018, Taplette filed a petition for judicial review in the Nineteenth Judicial District Court, seeking review of the finding that he was guilty

---

[1] These rules are compiled in the Louisiana Administrative Code, Title 22, Part I, Chapter 3, Subchapter B. See LAC 22:I.341.

2

of the charged rule violations and alleging that at the Disciplinary Board hearing he was denied the right to present witness testimony in the form of an affidavit of another inmate attesting that the cell phone belonged to him. Taplette also argued that the sanctions imposed for the rule violations were excessive. The DPSC answered, denying Taplette's claims and arguing that Taplette was afforded due process and the sanctions imposed were warranted based on the seriousness of the offense and the need to protect the institution, employees and others. The case was assigned to a commissioner[2] for evaluation and to make a recommendation to the district court judge pursuant to LSA–R.S. 15:1178(B).[3] The Commissioner found that Taplette's due process rights were satisfied because he was given a hearing, he was represented by inmate counsel, he was permitted to present the subject affidavit, and he was given the right to appeal the adverse decision. The Commissioner also found that the sanctions imposed by the Disciplinary Board were valid and authorized for Schedule B Rule violations under the DPSC's Disciplinary Rules. The Commissioner explained that, while Taplette received the maximum forfeiture of good time listed in Department Regulation No. B-05-006, Attachment A (Forfeiture of Good Time Matrix) for his violation of Rule 5, the Forfeiture of Good Time Matrix served merely as a guideline of suggested sanctions; mitigating and aggravating circumstances could require a deviation from the guidelines.[4] The Commissioner concluded that Taplette failed to raise a

---

[2] The office of commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. LSA-R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(C)(5); see Martinez v. Tanner, 2011-0692 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1082, 1084 n.3, writ denied, 2011-2732 (La. 7/27/12), 93 So. 3d 597.

[3] Prior to issuing her recommendation, the commissioner ordered the DPSC to supplement the record with a copy of the digital audio recording of the disciplinary hearing(s). The record does not indicate if it was supplemented with the recording of the disciplinary hearing(s).

[4] Taplette attached a copy of Department Regulation No. B-05-006 and the Forfeiture of Good Time Matrix to his petition for judicial review.

3

justiciable substantial rights violation and that DPSC's decision on the merits was not arbitrary, capricious, manifestly erroneous or in violation of any of Taplette's statutory or constitutional rights. As such, the Commissioner recommended the disciplinary decision be affirmed and Taplette's appeal be dismissed with prejudice.

Taplette filed a traversal to the Commissioner's recommendation, arguing that the sanctions imposed were excessive and that DPSC lacked authority to impose the forfeiture of his good time because he had not yet earned good time. On October 29, 2019, the district court adopted the recommendation of the Commissioner after a *de novo* review of the record and signed a judgment dismissing Taplette's petition with prejudice. It is from this judgment that Taplette appeals.[5]

## DISCUSSION

Pursuant to LSA-R.S. 15:1177(A)(9), a district court may modify or reverse a decision of DPSC in a prison disciplinary action "only if substantial rights of the appellant have been prejudiced" because DPSC's findings or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Drake v. Louisiana Department of Public Safety and Corrections, 2016-1356 (La. App. 1st Cir. 6/2/17), 222 So. 3d 1272, 1273. On review of the district court's judgment under LSA-R.S. 15:1177, no deference is

---

[5] Taplette initially sought supervisory review of the district court's judgment dismissing his action with prejudice. On May 12, 2020, this court granted Taplette's writ application for the limited purpose of remanding the matter to the district court with instructions to grant Taplette an appeal as the district court's judgment was a final, appealable judgment pursuant to LSA-R.S. 15:1177. See Taplette v. Louisiana Department of Public Safety and Corrections, 2020-0213 (La. App. 1st Cir. 5/12/20) (unpublished). The district court granted Taplette an appeal on July 10, 2020.

4

owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy v. Stalder, 1999-1747 (La. App. 1st Cir. 9/22/00), 770 So. 2d 447, 450-51.

Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law. Sandin v. Conner, 515 U.S. 472, 485, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995). Thus, in order for Taplette's petition to state a cognizable claim for judicial review of a disciplinary matter, it must allege facts demonstrating that his "substantial rights" were prejudiced by DPSC's decision. Dorsey v. Louisiana Dep't of Pub. Safety & Corr., 2018-0416 (La. App. 1st Cir. 9/24/18), 259 So. 3d 369, 371.

Loss of good time may be considered an "atypical, significant deprivation" because it affects the date of eventual release. See Sandin, 515 U.S. at 486, 115 S.Ct. at 2301. However, the Department is authorized by statute to administer, manage, and operate "all state institutions for the care, custody and correction of persons sentenced for felonies or misdemeanors." LSA-R.S. 15:821. Additionally, LSA-R.S. 15:571.4 provides for the forfeiture of good time and authorizes DPSC, and its Secretary, to regulate how good time is both earned and forfeited. DPSC has promulgated Rule 1 (Contraband), Rule 3 (Defiance), and Rule 5 (Aggravated Disobedience), all of which are classified as Schedule B Rule violations and are punishable by the forfeiture of up to 90 days good time for each violation. LAC 22:I.341(G)(6)(f) & (I).

5

Taplette argues his substantial rights have been violated because the sanction imposed for his Rule 5 violation was excessive in light of the recommendations set forth in the Forfeiture of Good Time Matrix.[6]

The Forfeiture of Good Time Matrix[7] sets forth a recommendation that 90 days good time be forfeited for a Rule 5 violation when the offender has had seven or more Schedule B Rule violations in the past 90 days. However, DPSC Regulation No. B-05-006 provides in pertinent part that the use of matrix as a guide for sanctions "is encouraged, with the understanding that there may be aggravation or mitigation circumstances which may require deviation from the suggested sanctions." Additionally, the Disciplinary Rules provide that "[a]n offender with a poor conduct record may receive a more severe sanction than an offender with a good conduct record for the same offense." LAC 22:I.341(G)(6)(a). The Disciplinary Rules further state that "[a]n offender who has established a documented pattern of behavior indicating that he is dangerous to himself or others is a habitual offender. This includes an offender who has been convicted of three major violations or a total of five violations in a six month

---

[6] Taplette also argues that the sanctions ordering forfeiture of 180 days good time improperly require forfeiture of good time he has not earned yet. However, Taplette first raised this issue in his traversal to the Commissioner's recommendation. Pursuant to LSA-R.S. 15:1177(A)(5), judicial review is limited to the issues presented in the petition for judicial review and the administrative remedy request. Lightfoot v. Stalder, 2000-1120 (La. App. 1st Cir. 6/22/01), 808 So. 2d 710, 715, writ denied, 2001-2295 (La. 8/30/02), 823 So. 2d 957. The issues on appeal are those presented in the petition for review filed at the district court level and the administrative remedy request filed at the agency level.

In his appeal to this court, Taplette does not assign error to the Disciplinary Board's alleged refusal to allow him to present the affidavit of another inmate attesting to the fact that the subject cell phone belonged to him, not Taplette. We note, however, the record indicates Taplette filed only one motion at the disciplinary hearing, a motion to dismiss, which was denied. The Commissioner noted in her recommendation that Taplette was permitted to present the affidavit to the Disciplinary Board. Moreover, Rule 1 defines the offense of contraband as occurring when an inmate has "under his immediate control" a prohibited item, such as a cellular phone. LAC 22:I.341(I). Rule 1 further provides "[t]he area of immediate control is an offender's person, his locker(s) or storage area, his cell, his room, his bed, his laundry bag...or the area under his bed on the floor unless the evidence clearly indicated that it belonged to another offender." LAC 22:I.341(I). Taplette does not dispute that the cell phone was found in his pocket (on his person); therefore, ownership of the phone was not determinative of his guilt.

[7] Taplette attached a copy of Department Regulation No. B-05-006 and the Forfeiture of Good Time Matrix to his petition for judicial review. We note the record does not contain a copy of Taplette's disciplinary record.

period." LAC 22:1.341(G)(6)(f). An inmate found guilty of two Schedule B Rule violations is subject to forfeiture of 90 days good time for each violation. LAC 22:1.341(K).

Although the 90-day good time forfeiture imposed for Taplette's Rule 5 violation is on the higher end of the recommendation set forth in the Forfeiture of Good Time Matrix, it does not exceed the recommendation. Additionally, none of the sanctions imposed in this matter exceed the penalty provisions in the Disciplinary Rules. See LAC 22:1.341(K). Thus, Taplette failed to demonstrate that DPSC exceeded its statutory authority by imposing the sanctions. Furthermore, Taplette's Rule 5 violation for aggravated disobedience must be considered in light of the fact that he committed two other Schedule B Rule violations at the same time. In fact, Taplette is considered a habitual offender under the Disciplinary Rules. See LAC 22:1.341(G)(6)(f). Taplette's actions resisting the shakedown and disobeying the orders of the commanding officer required the officer to exert necessary force, which could have resulted in injuries to the officer, Taplette, and potentially others. Considering DPSC's obligation to ensure the care, custody and correction of the inmates placed under its supervision,[8] we do not find that DPSC abused its discretion by imposing the sanctions, nor do we find that its decision was arbitrary, capricious, manifestly erroneous, or in violation of Taplette's statutory or constitutional rights. Accordingly, Taplette failed to demonstrate that his substantial rights were prejudiced by DPSC's decision.

## CONCLUSION

For the above and foregoing reasons, the October 29, 2019 judgment of the district court, dismissing Donovan Taplette's petition for judicial review with

---

[8] See LSA-R.S. 15:821.

7

prejudice, is affirmed. Costs of this appeal in the amount of $771.50 are assessed against DonovanTaplette.[9]

**AFFIRMED.**

---

[9]Although Taplette filed his petition for judicial review *in forma pauperis*, because he was unsuccessful in obtaining the relief sought, costs may be assessed against him. Rochon v. Young, 2008-1349 (La. App. 1st Cir. 2/13/09), 6 So. 3d 890, 893 n.1, writ denied, 2009-0745 (La. 1/29/10), 25 So. 3d 824.